[No. 33456. Department One. June 21, 1956.]

GEORGE HODGSON, *Respondent*, v. FLOYD BICKNELL *et al.*, *Appellants.*[1]

[1]Reported in 298 P. (2d) 844.

*Wm. Keylor Smith*, *Arthur L. Hawman*, and *Howard J. Martin*, for appellants.

*Thomas F. Kelly*, for respondent.

DONWORTH, J.—This is an appeal from a judgment on the pleadings in favor of respondent as judgment creditor against appellant school district No. 402-37, of Prescott, Washington, as garnishee defendant upon a controverted answer of the garnishee defendant entered after hearing by the court.

The principal debtors, Floyd Bicknell and his wife, defendants below, have joined in this appeal and have filed a joint brief with appellant school district No. 402-37, of Prescott, Washington.

For purposes of clarity, we shall hereinafter refer to plaintiff, George Hodgson, as respondent; defendant Floyd Bicknell as though he were the sole defendant; and garnishee defendant school district No. 402-37 as appellant.

The following resume of facts is taken from the pleadings found in the transcript.

On April 11, 1951, respondent recovered a default judgment in the amount of $1,256.83, with interest, against defendant and his wife. On April 18, 1951, the amount of this judgment was corrected to be $2,261.83, with interest, and entered as of April 11, 1951, *nunc pro tunc*.

Prior to and during the trial of this action, defendant was employed as a bus driver by appellant under an annual contract. He was to receive for his services during the school year a total of thirteen hundred fifty dollars, payable at the rate of one hundred fifty dollars per month on the first day of the month next following that for which services were rendered.

On November 17, 1954, respondent caused a writ of garnishment, based upon the 1951 judgment, to be issued and served upon appellant on November 20, 1954. This writ of garnishment was not answered until April 12, 1955, under the circumstances hereinafter related.

On December 23, 1954, defendant filed a voluntary petition in bankruptcy in the United States district court, eastern district of Washington, southern division. On December 27, 1954, defendant and his wife were adjudicated bankrupts.

Shortly after the service of the writ of garnishment, respondent's attorney conferred with Murray E. Taggart, the then prosecuting attorney for Walla Walla county, who was statutory attorney for the school district. Mr. Taggart had previously been informed by defendant's attorney that his client would file a voluntary petition in bankruptcy shortly. The extent of the discussion between respondent's attorney and Mr. Taggart is in dispute, but respondent states in his reply that Mr. Taggart requested that he

" . . . be advised before any further proceedings were taken by Plaintiff under said writ; that Plaintiff's attorney agreed to so notify, but made no other or further agreement whatsoever; . . ."

The wages due defendant on December 1, 1954, for services performed during the month of November ($135.50), were turned over to the trustee in bankruptcy after his appointment, and he allowed defendant to retain the statutory exemption of twenty dollars per week, or eighty dollars. The balance of $55.50 was included as an asset of the bankrupts' estate. After the adjudication of defendant and his wife as bankrupts, defendant was paid his regular

monthly wages each month pursuant to his contract with appellant through April 1, 1955. On this date, respondent's attorney contacted Arthur L. Hawman, the newly elected prosecuting attorney for Walla Walla county, and inquired as to whether or not he intended to answer the writ of garnishment. An answer was thereupon filed and served upon respondent on April 12, 1955.

Appellant's answer admitted the service of the writ of garnishment on November 20, 1954, and alleged: (1) payment of defendant's regular monthly wages under the contract; (2) the adjudication of bankruptcy of defendant in December, 1954; (3) an oral arrangement between the parties whereby defendant was allowed his statutory exemption of twenty dollars per week, and that the trustee in bankruptcy was paid the balance of defendant's November wages; (4) an oral agreement with respondent's attorney that the latter would notify appellant before taking any further action in the garnishment matter; (5) that the issuance and service of the writ of garnishment was a preference under the bankruptcy laws; (6) that appellant was not indebted to defendant in any sum whatever, except pursuant to the provisions of the contract; and prayed that appellant be discharged in the garnishment proceedings.

On May 12, 1955, the trial court granted respondent's motion to strike the allegations in appellant's answer relating to the bankruptcy proceeding and the effect thereof, but the court did not strike the allegation relative to the alleged oral agreement, and ordered respondent to reply to appellant's answer.

Respondent's reply of May 16, 1955, admitted the allegations of appellant's answer relating to service of the writ of garnishment, and the existence of the contract between defendant and appellant; alleged that the contract was an annual contract and that all monthly payments accruing thereunder are subject to the writ of garnishment, less the October 1, and November 1, 1954, payments made prior to service of the writ of garnishment; alleged that respondent had no information or belief concerning the truth of the

alleged payments of appellant to defendant under the contract through April 1, 1955; admitted service of appellant's answer to the writ of garnishment on April 12, 1955; admitted an oral agreement in paragraph four, which is set out in full as follows:

"That Plaintiff admits that shortly after the service of said Writ of Garnishment on the 20th day of November, 1954, Murray E. Taggart, the then Prosecuting Attorney for Walla Walla County, communicated with the undersigned attorney for Plaintiff, advising that said Writ had been served upon the Garnishee Defendant School District, and turned over to him as statutory attorney for the School District, and requested that he, Taggart, be advised before any further proceedings were taken by Plaintiff under said Writ; that Plaintiff's attorney agreed to so notify, but made no other or further agreement whatsoever; that no answer to said Writ of Garnishment in any form whatsoever, verbal or otherwise, was made to Plaintiff or his attorney by the said Murray E. Taggart at that or any other time, as required by law; that on or about the 10th day of January, 1955, Arthur L. Hawman became the duly elected, qualified and acting Prosecuting Attorney for Walla Walla County, and attorney for Garnishee Defendant herein; that the undersigned, attorney for Plaintiff, on or about the 1st day of April, 1955, feeling that said agreement to notify concerning said Writ of Garnishment was a *continuing agreement* with the incumbent of said office in his official capacity, did inquire of the said Arthur L. Hawman *if any answer to said Writ of Garnishment was ever intended to be filed,* or if Plaintiff should move for a default judgment against Garnishee Defendant; that the undersigned was served with the Answer to Writ of Garnishment herein on the 12th day of April, 1955." (Italics ours.)

Respondent then prayed for judgment in the sum of $1,-072.75.

On May 18, 1955, the trial court denied defendant's motion for an order dissolving and nullifying the writ of garnishment and discharging appellant as garnishee defendant. This motion was supported by defendant's affidavit averring his insolvency for more than four months preceding the bankruptcy proceedings, containing a statement of defendant's assets and liabilities, and the adjudication of bank-

ruptcy on December 27, 1954. However, the trial court denied respondent's motion to strike the motion and affidavit above referred to.

On May 20, 1955, respondent filed a motion for summary judgment, stating as follows:

"Comes now the Plaintiff and moves the Court for Summary Judgment against the Garnishee Defendant herein upon Plaintiff's Writ of Garnishment in this cause. This Motion is made in accordance with Amended Rule 19 of Rules of Pleading, Practice and Procedure, 145 Wash. Dec., No. 23, pp. v, and is based upon the records and files herein."

On May 23, 1955, defendant filed a motion for stay of proceedings under § 11(a) of the bankruptcy act (11 U.S. C.A., § 29(a)). The supporting affidavit stated that appellant was withholding defendant's wages for the month of April, 1955, under the writ of garnishment, and threatened to continue to do so. Defendant averred the facts of the bankruptcy, hereinbefore set out, further averring that respondent's judgment was dischargeable in bankruptcy, and that defendant would suffer irreparable damage if the proceedings were not stayed.

On June 6, 1955, the trial court granted respondent's motion for summary judgment and (1) entered judgment for respondent in the sum of seven hundred ten dollars, which was the total amount paid by appellant to defendant under the contract between the date of service of the writ of garnishment on November 20, 1954, and the date of service of appellant's answer on April 12, 1955; (2) ordered that defendant be paid all sums accruing under his contract with appellant from and after the 13th day of April, 1955, until the completion of the contract; and (3) ordered that defendant's motion for stay of proceedings be denied.

Of appellant's ten assignments of error, we shall first consider No. 9, which asserts that the trial court erred in failing to hear controverted facts as alleged in paragraph six of appellant's answer and paragraph four of respondent's reply (the disputed oral agreement).

It is appellant's contention that, shortly after December 1, 1954, the parties agreed that the garnishment proceedings

would be dismissed without the necessity of a formal answer, in view of the contemplated bankruptcy proceedings. Respondent has not answered this argument in his brief, nor did respondent appear in oral argument before this court. Therefore, we do not have the benefit of his view on this point.

 The rule is that the party who moves for judgment on the pleadings admits, for the purposes of the motion, the truth of every fact well pleaded by his opponent and the untruth of his own allegations which have been denied. However, a motion for judgment on the pleadings admits only facts well pleaded. It does not admit mere conclusions, nor the pleader's interpretation of statutes involved, nor his construction of the subject matter. *Trumble v. Wasmer*, 43 Wn. (2d) 592, 262 P. (2d) 538.

Applying the above rules to the pleadings before us, we must accept as true appellant's allegation that it was agreed that no further proceedings would be had in this garnishment matter without prior notification to appellant by respondent. Further, respondent's reply expressly admits the above allegation and states that respondent considered the oral agreement "a continuing agreement," and that on April 1, 1955, respondent inquired

". . . *if any answer to said Writ of Garnishment was ever intended to be filed*, or if Plaintiff should move for a default judgment against Garnishee Defendant; . . ."

Was the trial court correct in entering judgment against appellant in the sum of seven hundred ten dollars, being the total wages paid by respondent to defendant between November 20, 1954, and April 12, 1955, for services rendered under the contract? For the reasons stated below, we think the trial court was in error in entering this judgment.

The italicized language in respondent's reply (quoted above) is an express admission, reduced to writing and duly verified, and supersedes the oral agreement (see Superior Court Rule 10, 34A Wn. (2d) 114). By its terms, respondent agreed to waive strict compliance with the statutory provisions relating to answering the writ of garnishment.

Respondent requested and promptly received an answer to the writ of garnishment upon his inquiry, in conformance with the admitted agreement.

■ Under the circumstances shown by the pleadings, respondent's *request* for an answer on April 1, 1955, had the same legal effect as though the writ of garnishment had been served on that date. Therefore, respondent cannot, consistently with the agreement, contend that appellant is liable for wages paid to defendant between November 20, 1954 (the date of service of the writ), and April 1, 1955 (the date of respondent's request that appellant serve its answer).

Appellant's answer of April 12, 1955, was controverted by respondent as provided by RCW 7.32.250, and by defendant as provided by RCW 7.32.260. The pertinent statute (RCW 7.32.270) provides:

"If the answer of the garnishee is controverted, as provided in RCW 7.32.250 and 7.32.260, an issue shall be formed, under the direction of the court, and tried as other cases. No pleadings shall be necessary on such issue other than the affidavit of the plaintiff, the answer of the garnishee and the reply of the plaintiff or defendant controverting such answer, unless otherwise ordered by the court."

■ Since appellant performed its agreement and answered the writ twelve days subsequent to respondent's request, the time had *not expired* within which appellant was required to answer the writ.

Rule of Pleading, Practice and Procedure 19, as amended effective January 3, 1955, 45 Wn. (2d) xxix, provides as follows:

"1. *Summary Judgment*: (a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim, or to obtain a declaratory judgment may, at any time *after the expiration of the period within which the defendant is required to appear*, or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof." (Italics ours.)

The trial court predicated appellant's liability upon its failure to answer the writ of garnishment within the time provided by law, *i.e.*, within twenty days after November 20, 1954, the date of service of the writ. However, a *timely* answer was filed and served upon respondent on April 12, 1955, in response to respondent's inquiry of April 1, 1955. Therefore, the trial court erred in entering summary judgment against appellant on the theory that the payment of wages by it to defendant between the dates of November 20, 1954, and April 1, 1955, was unlawful.

Appellant groups assignments of error Nos. 1, 2, 3, 5, 6, 7, and 10 together and argues in support thereof that "wages earned subsequent to adjudication in bankruptcy are not subject to this garnishment."

Both parties have devoted most of their briefs to discussing the effect of the bankruptcy proceedings upon this action. It is appellant's contention that service of the writ of garnishment on November 20, 1954, constituted a lien upon defendant's wages, and since such lien was obtained within four months of his adjudication as a bankrupt, the lien is rendered null and void under the provisions of the bankruptcy act (11 U.S.C.A., § 107(a)(1)). On the other hand, respondent contends that the bankruptcy act is not applicable, but that appellant's liability is based upon its failure to answer the writ within twenty days after November 20, 1954, as provided by statute (RCW 7.32.170).

We have already disposed of respondent's argument as to appellant's liability because of its alleged failure to timely serve its answer to the writ of garnishment.

There remains only the the question as to the applicability of the bankruptcy act to this case. This question is pertinent only in the event that defendant has obtained his discharge in bankruptcy. If defendant has been discharged as provided in 11 U.S.C.A., § 32, and if the 1951 judgment debt is included in the petition and is a provable debt in bankruptcy as provided in 11 U.S.C.A., §§ 35(a), 103, as defendant avers, then his wages earned subsequent to the filing of his petition are not subject to garnishment for

prior debts, and respondent can recover nothing in this action.

There is no allegation in the pleadings as to defendant's discharge in bankruptcy except the following statement in appellant's answer: "That defendants have been adjudicated bankrupts but have not yet been discharged in bankruptcy." Consequently, the trial court, having disposed of the case on the garnishment issue, did not consider it necessary to pass upon the effect of a discharge in bankruptcy. Under our view of the case, a determination of the question of whether respondent's judgment has been discharged by the bankruptcy proceeding is necessary to the proper disposition of the issue of appellant's liability under the garnishment for wages paid to defendant between April 1 and April 12, 1955.

Therefore, the judgment is reversed, and the case remanded to the trial court with instructions to determine whether defendant has obtained his discharge in bankruptcy and whether respondent's judgment has been discharged as a debt of defendant in the bankruptcy proceeding. For this purpose, the court may take such testimony or documentary evidence as it may deem proper. If the court finds that respondent's judgment has been discharged in the bankruptcy proceedings, judgment shall be entered herein dismissing the garnishment proceedings.

If, as a result of such further proceedings herein, the trial court shall find that respondent's judgment has not been so affected by the bankruptcy proceeding, it shall enter a judgment (consistent with the views expressed herein) in favor of respondent and against appellant for a sum equal to the total wages earned by defendant for services rendered between April 1, 1955, and April 12, 1955.

Any party hereto shall have the right to appeal from any judgment entered herein by the trial court. Costs on this appeal shall abide the result of the action in the trial court.

It is so ordered.

HAMLEY, C. J., SCHWELLENBACH, FINLEY, and OTT, JJ., concur.