[No. 37696.   Department Two.   October 28, 1965.]

PHYLLIS PEARSON, *Respondent*, v. JOHN VANDERMAY et al., *Appellants.**

---

*Reported in 407 P.2d 143.

*Frederick W. Post*, for appellants.

*Howard T. Manion* (of *Whitmore, Vinton, Powers & Manion*), for respondent.

DONWORTH, J.—This is an appeal from a judgment on the pleadings favorable to plaintiff, who is now respondent. A major issue in this case is the legal meaning of a written stipulation for judgment signed by counsel for each of the parties hereto, which was filed in a prior suit instituted to obtain a foreclosure of a second mortgage in which appellants Vandermay, as holders thereof, were plaintiffs, and respondent Pearson was a party defendant because of her ownership of a third mortgage on the premises. The stipulation for judgment was made between the Vandermays and Phyllis Pearson *because* the immediate foreclosure of the Vandermays' mortgage and sale of property seemed to be the best way to protect the interests of both the Vandermays, who held the prior lien on the real property involved, and Phyllis Pearson, who did not want to be foreclosed out of her subordinate interest therein, but who apparently was unable *or* unwilling to satisfy the Vandermays' second mortgage.

The Vandermays' attorney drafted the stipulation. It reads:

Whereas, the plaintiff has brought suit against Guy Stickney and others to foreclose a seller's real estate contract and deed given by the Stickneys to the Vandermays for security on March 16, 1957, and

Whereas, the said Phyllis Pearson was given a similar vendor's assignment and deed by Guy Stickney on April 18, 1957, and

Whereas John D. Vandermay has coming on his claim from the Stickneys $1,571.16 plus interest and Phyllis

Pearson has due on her claim against the Stickneys the sum of $3,224.00, and

Whereas, John D. Vandermay has contributed from his personal funds the sum of approximately $450.00 to keep in good standing that certain mortgage with Westside Federal Savings and Loan on the property involved in this lawsuit,

And whereas, there is a prospective purchaser for said property at a price of $12,500.00 and an existing mortgage amounts to $6,000.00, leaving an equity of about $6,500.00. it is hereby

Stipulated that the plaintiff Vandermay may take a judgment under findings of fact reciting the foregoing facts in this stipulation and that the property may be put up for sale at Sheriff's sale and sold and that out of the proceeds of the sale John D. Vandermay shall be paid first the amount due him under his said claim, his court costs and interest on the claim at 6% per annum, plus all amounts he has paid to Westside Federal Savings and Loan to protect the said mortgage, the latter amount bearing interest at 12% per annum from the date paid; that after John D. Vandermay receives his said payments, the remainder of the funds shall be applied on the claim of Phyllis Pearson, which shall bear 6% interest per annum.

It is further understood and agreed that if there are any funds left after the sale of the premises that Vandermay is under contract with the former owners, Virgil Jacobs and wife, to pay them $500.00, which agreement was given in consideration of a quit claim deed to their interest.

It is further agreed that Vandermay will proceed with the foreclosure of the Stickney interests, together with all other liens. After the Vandermays, Phyllis Pearson and the Jacobs have been paid, any remaining funds shall be paid to John D. Vandermay subject to any claims, if any, of the Stickneys.

Dated at Seattle, Washington, this 8th day of February, 1960.

The complaint of plaintiff-respondent Pearson alleges:

II. That heretofore, under Superior Court King County Docket No. 529791, the above-named defendants, Vandermay, were plaintiffs in a certain lien foreclosure in which the plaintiff was a defendant; that during the dis-

position of said action the plaintiff, Phyllis Pearson, and the defendants, Vandermay, made and executed an instrument in writing entitled: "Stipulation for Judgment," a copy of which is attached hereto, marked Exhibit "A," and made a part hereof as though fully set forth herein.

III. That subsequent to execution of the Stipulation for Judgment, a judgment was duly made and entered in Docket No. 529791; and pursuant to an agreement between the plaintiff and defendants the real estate involved in the overall picture here was sold, at sheriff's sale, to the defendants, Vandermay.

IV. That thereafter, said real property was sold for $12,500.00; and at the time of sale there was an existing first lien on the premises in the sum of $6000.00, leaving an equity for distribution between plaintiff and defendants in the purported amount of approximately $6500.00.

V. That pursuant to the Stipulation for Judgment, it was agreed that out of the proceeds of sale the defendant, Vandermay, would be paid the amount of his claim in the approximate amount of $1571.16, not including interest; plus such sums as the defendant, Vandermay, advanced, on the primary lien to avoid foreclosure of the real property, which particular sums were to bear interest at the rate of 12% per annum; that after payment of said claims and Court costs, the remainder of said funds should be applied to the claim of Phyllis Pearson, which at the time of the stipulation amounted to $3500.00 in principal, plus interest; and that any sums remaining over and above would become the property of Vandermay.

VI. That subsequently the property was in fact sold, and an accounting was rendered, a copy of which is attached hereto and by reference made a part hereof, and the accuracy of which plaintiff challenges.

VII. That plaintiff and defendant disagree as to the disposition of sums coming into the hands of defendants, and plaintiff challenges the right of said defendants to charge against the plaintiff disbursements and interest in excess of $2000.00.

VIII. That by reason of these conflicting claims the plaintiff and defendants are in doubt as to the amount each is entitled to, and a controversy exists as to the interpretation of the terms of said "Stipulation for Judgment."

IX. That the plaintiff herein demands a true and full accounting of all sums received from the sale of said property after disbursements thereof, if any.

X. That the Court has jurisdiction of the subject matter and the parties; that this action is brought, pursuant to the Declaratory Judgment Statutes in force and effect in the State of Washington at the time of the filing of this complaint.

Wherefore, plaintiff prays as follows:

1. That the Court construe the Stipulation for Judgment as to the purported rights of defendants in making alleged necessary expenditures, and their authority to make same at the expense of plaintiff.

2. For a full accounting of the entire real estate transaction, wherein the property was sold to its present holders.

3. For such other and further relief as to the Court may seem proper.

The Vandermays alleged in their answer:

2. That defendants obtained orders of default against the said junior lienors, and the plaintiff, Phyllis Pearson, was the only party left to be heard in the action; that at the time it appeared that there was more than sufficient equity in the land in question after paying off the said first mortgage, and after discussion between counsel for Phyllis Pearson and counsel for the defendants, the Vandermays, it was agreed that rather than lose time in the foreclosure of the junior liens and the liquidation of the asset through waiting for the trial on the respective interests of the two said parties, that a judgment of foreclosure should be taken immediately, the property put up for sale as soon as possible, and the proceeds distributed in the manner provided in the said stipulation.

3. That the defendants, the Vandermays, and their attorney immediately put the property up for sale, and took steps to pay the payments on the first mortgage in the sum of $79.00 per month so that it would not be in default, having already paid about $450.00 of their funds for that purpose, which was directly beneficial to the plaintiff, Phyllis Pearson, because default on the first mortgage would have resulted in the foreclosure of both the defendant, Vandermay's interest, and the plaintiff, Pearson's interest.

4. That the defendant Vandermay's devoted extensive time in procuring a purchaser, and obtained two offers which were later rescinded because of complications in the title because of the year's equity of redemption in favor of junior lien claimants; that he obtained a third offer from one Perusse made subject to title being clear after the year's equity of redemption had expired at a price of $12,500.00 which offer was dated January 21, 1960, and the said Perusses occupied the premises on a rental basis with an obligation to purchase when the title was cleared and on the 12th day of December, 1960 they entered into a real estate contract, which contained a clause that the purchasers would be allowed a 10% discount off the balance due on the price; that the latter provision was discussed orally with counsel for plaintiff and approved; that defendants kept plaintiff informed of the progress of the sale by their counsel informing plaintiff's counsel; that during the summer of 1960, the purchasers complained that the sewer was plugged and defendants had plumbers make repairs, during which it was discovered that the line was tile and that it had been collapsed at so many places by root action of willow trees that it had to be replaced from the house to the main sewer line; that defendants expended $1,074.96 of his personal funds for this repair as shown on the account attached to plaintiff's complaint.

5. That at the time the said repairs were made, the purchasers, the Perusses, had not yet entered into the said real estate contract to purchase, and it appeared that the defect in the sewer line, being a hidden defect which might justify the purchasers to validly rescind their offer to purchase unless repairs were made, should be remedied at the seller's expense; that the said purchasers threatened to rescind their offer unless such repairs were made; that if the purchasers rescinded, defendants might be held liable for the broker's commission even though the sale fell through; that as a practical matter, considering the constant demand of the 1st mortgagee that their mortgage payments be made on time, it appeared wise to make the repairs to save the transaction for not only the defendants but the plaintiff as well.

6. That at no time did the plaintiff offer to bear any portion of the out of pocket expenses which the defendants were constantly incurring; that the said stipulation

was drafted with the view that defendants would receive 12% interest per annum on funds they expended to realize cash from the ultimate sale of the property, but since it appeared at the time that mortgage payments were the only probably expenditures required, cost of repairs were not mentioned; that in equity and good conscience, defendants should be allowed 12% on all funds expended by him including mortgage payments mentioned in the stipulation and the said repairs.

Wherefore, defendants pray that the account attached to plaintiff's complaint be approved subject to a change showing a credit in favor of the defendants of an additional 6% on said repairs or a total of 12%.

The Vandermays submitted findings of fact and conclusions of law which were rejected by the trial court. The trial court accepted the findings of fact and conclusions of law submitted by Phyllis Pearson, except that it wrote into them the interlineation which reads:

That the defendants kept plaintiff informed of the progress of the sale.

The findings of fact and conclusions of law which the trial court accepted read as follows:

I. That in King County Superior Court Action No. 529791 heretofore entered in the records and files of King County, Washington, that certain written agreement entitled "Stipulation for Judgment" was duly and regularly executed by both plaintiff and defendant herein, and the rights of the parties herein to the proceeds of the sale referred to in action #529791 were fixed by that agreement.

II. That the proceeds of the sale of property referred to in Action #529791 was the sum of $6,002.25, which sum regularly came into the hands of John D. Vandermay and Geraldine A. Vandermay, his wife. That from said proceeds the defendants, Vandermay, are entitled to the following:

$ 138.08—Costs of sale
2,191.73—Payment with interest of the claim of Vandermay
701.00—Payments advanced to Westside Fed. Sav. & Loan
342.34—Interest on said payments so advanced

That the plaintiff, Phyllis Pearson, is entitled to the sum of $2,618.40 from the proceeds of said sale.

That the defendants kept plaintiff informed of the progress of the sale.

III. That the claim of the defendant, Vandermay, for $1168.38 is specifically disallowed; and the claim of Vandermay for $420.61, claimed interest on the sum of $1168.38, is also specifically disallowed.

From the foregoing findings of fact the court makes the following conclusions of law.

I. That the plaintiff, Phyllis Pearson, a single woman, is entitled to a Judgment against John D. Vandermay and Geraldine A. Vandermay, his wife; and against their marital community, in the sum of $2618.40, plus her costs and disbursements incurred herein.

Appellants' counsel made a "Motion for Judgment Notwithstanding Oral Decision of the Court or in the Alternative for a New Trial," in which he stated:

This motion is made for the reason that counsel for defendants agreed with counsel for plaintiff to submit the case for decision on an agreed set of facts which he assumed consisted of the pleadings of the plaintiff, the answer of the defendant, and statement of counsel that the sole controversy was over the right of the defendants to claim a credit for monies spent for repairs.

However, in stating his case, counsel for plaintiff alleged, contrary to the allegation of defendants' answer, that he did not know that repairs were being made to the house whereas in paragraph 4 of the affirmative matter set forth in defendants' answer, defendants allege that plaintiff's counsel was kept informed of the progress of the sale. The Court commented on this statement of plaintiff's counsel in its oral decision, and may have been influenced by it, whereas defendants were entitled to stand on their answer, there being no denial of said allegation.

If the plaintiff takes the position that she did not know about the progress of the sale, she should have denied defendants allegation that she did have knowledge, and defendants should have been permitted to introduce evidence in support of its answer. However, plaintiff did not deny the allegation until the said statement of her counsel was made, and under the rules of

pleading, the Court should find the fact to be that she did have such knowledge, approved of the defendants' actions, and cannot now complain about the results of such action.

Appellants' assignments of error numbers one and five charge, in substance, that, in granting a judgment on the pleadings, the trial court erred because it ignored a portion of facts pleaded in appellants' answer and counter-claim and certain questions of law raised thereby. Specifically, in those assignments of error, appellants emphasize that the trial court accepted appellants' pleading that "defendants kept plaintiff informed of the progress of the sale." It is argued that if this fact be accepted as true, then a judgment on the pleadings in favor of the plaintiff-respondent is not possible under the law.

We agree with appellants' contention for the following reasons:

■ In *Hodgson v. Bicknell*, 49 Wn.2d 130, 136, 298 P.2d 844 (1956), we stated:

The rule is that the party who moves for judgment on the pleadings admits, for the purposes of the motion, the truth of every fact well pleaded by his opponent and the untruth of his own allegations which have been denied. However, a motion for judgment on the pleadings admits only facts well pleaded. It does not admit mere conclusions, nor the pleader's interpretation of statutes involved, nor his construction of the subject matter. *Trumble v. Wasmer*, 43 Wn.2d 592, 262 P.2d 538.

The trial court recognized that it must accept the factual allegation in the answer that "defendants kept plaintiff informed of the progress of the sale." However, the trial court also apparently believed that it could and should render judgment for respondent-plaintiff for one of three reasons:

(1) That this allegation meant only that plaintiff had been so informed with regard to the *making* of the contract, but that proof of plaintiff's being informed by defendant of the alleged threatened rescission because of the collapsed sewer could not be introduced under this pleading, or

(2) That plaintiff's knowledge of the need for the repair of the sewer in order to save the sale was irrelevant in view of the stipulation, or

(3) That plaintiff had not been informed of the need for the repair of the sewer in order to save the sale because of the oral statement of plaintiff's counsel to the contrary during the hearing on the motion for judgment on the pleadings.

None of these reasons will support the judgment on the pleadings. With regard to the *first reason*, the pleading is indefinite, it is true. However, the pleading should be construed as required by Rule of Pleading, Practice and Procedure 8(f), which reads:

All pleadings shall be so construed as to do substantial justice.

Under that rule, this pleading would permit appellants to show that Phyllis Pearson, through her attorney, was informed of the threatened rescission by the purchaser, caused by the collapse of the sewer and the need for repairs. The sale was still "in progress" because it was executory due to the fact that it could not be consummated until the 1-year redemption rights had expired. Acquiescence of respondent at this point would be sufficient to warrant the Vandermays in believing that they had the authority to make the repairs, and be reimbursed for these as an expense of the sale. (We shall explain the basis for such belief in connection with our discussion of the second and third possible grounds for the trial court's judgment.)

In regard to the *second possible reason* for the trial court's judgment, the court may have believed that, since the stipulation did not expressly spell out that this expense was to have priority over Phyllis Pearson's claim, it cannot have priority, even if it were considered as an expense of sale which the Vandermays had been led to believe was to be charged against the selling price before either party received any portion of his claim.

The stipulation was made with the expectation that Mr. Vandermay would be a limited agent of respondent Pear-

son for the purpose of reselling property in order to realize sufficient proceeds from the sale to pay her the amount of her claim against the Stickneys, plus 6 per cent interest. Mr. Vandermay was to exercise his reasonable business judgment in the incurring of the ordinary expenses of sale and in the acceptance of offers. Respondent Pearson has argued that the stipulation did not create an agency relationship. However, she has acquiesced in the sale made by Mr. Vandermay and has conceded the appropriateness of the ordinary expenses of the sale incurred by Mr. Vandermay, such as the commissions to the real-estate broker, the real-estate sales tax, and the escrow fees, as shown by the accounting according to appellants' brief, page 9. Those ordinary sales expenses were not given priority over the Pearson claim by the stipulation, hence we come to the conclusion that these were allowed as proper expenses of sale because of Mr. Vandermay's agency position.

The question raised by the pleadings is whether this sewer repair was within Mr. Vandermay's authority to make, and pay for, as an appropriate sales expense under the circumstances which were pleaded. The stipulation does not determine this issue directly. Its express provisions do not imply the exclusion of the expenses of sale which were within the authority of Mr. Vandermay to incur. The issue is one of Mr. Vandermay's authority to make this expenditure as a part of his authority as agent to sell the property.

It is within the area of the third possible reason for the trial court's judgment that the determination of the issue of Mr. Vandermay's authority appears likely to be found. Counsel for appellants Vandermay stated at the trial court hearing, in his written motion for a new trial, and in his brief and his oral argument on appeal, that, under his pleadings, he intended to show that respondent's counsel was informed of the impending rescission as a part of the "progress of sale." We gather, from what counsel for appellants stated, that he claims to have informed respondent, through her attorney, of the need for the sewer repairs in order to save the sale. If this is true, and if, in that con-

text, the respondent did not object to the expenditure or inquire as to the amount of the charges, or give some other indication that Mr. Vandermay's authority was being questioned, it may be that her conduct might have reasonably led Mr. Vandermay to believe that he had the authority to make the expenditure as an expense of the sale. Neither the trial court nor this court should speculate about this issue, and there is no evidence or admission in the record regarding what was said as to the existence of such facts, to whom it was said, when, and under what surrounding circumstances.

■ Respondent's counsel has denied any knowledge of impending repairs, or the need for them, until after the repairs were made, and has contended that they were made without any authority. We believe that the conflict between the parties on this point raises a question of fact which could not be resolved by the trial court on a motion for judgment on the pleadings, after the significance of the pleadings became apparent in the light of the conflicting statements of counsel. See *Mayflower Air-Conditioners, Inc., v. West Coast Heating Supply*, 54 Wn.2d 211, 339 P.2d 89 (1959).

Under the circumstances in which this case has come to this court, the judgment on the pleadings must be reversed and the cause remanded for a new trial. The new trial shall be conducted in a manner consistent with this opinion. The other assignments of error raised by appellants need not be discussed at this time and no opinion as to their merit is expressed or implied from this opinion.

Nothing in this opinion is intended to foreclose the plaintiff from challenging the defendants' defenses and counterclaims in any regard at trial, except that as the record now stands, a judgment on the pleadings is not possible in favor of plaintiff or defendant because of the issue discussed above.

The costs on this appeal shall abide the final determination of the cause as provided in Rule on Appeal 55(b)(1), RCW vol. 0.

ROSELLINI, C. J., WEAVER and HAMILTON, JJ., and STAFFORD, J. Pro Tem., concur.