[No. 39232.    Department Two.    December 28, 1967.]

ROBERT T. BARNUM, *Appellant*, v. THE STATE OF WASHINGTON
*et al., Respondents.**

*Schroeter, Talbot & Smith,* by *Chas. H. W. Talbot,* for
appellant.

*The Attorney General, Charles F. Murphy, James H.
Dailey,* and *Richard A. Mattsen, Assistants,* for respond-
ents.

*Reported in 435 P.2d 678.

HUNTER, J.—This appeal arises from an action instituted by the plaintiff (appellant), an inmate of the Washington State Penitentiary, against the state of Washington, the Director of the Department of Institutions, the Superintendent of the Penitentiary, and Jesse Merril, defendants (respondents), for personal injuries sustained in an assault committed upon the plaintiff by Merril, a fellow inmate.

The plaintiff alleges in his complaint that Merril, for a period of several years prior to the assault, was a person with a dangerously violent psycopathic personality; that he had a record of repeated unprovoked and irrational assaults upon prison employees; that he had been repeatedly punished and had been released from disciplinary confinement imposed as punishment for an earlier assault only 11 days prior to his assault upon the plaintiff; that at the time of Merril's release from confinement into the general prison population the penitentiary physician, Dr. C. E. Heffron, had recommended to the appropriate prison officials that Merril be kept in confinement because it was unsafe for him to be at large among the prison population.

The plaintiff asserts in his brief and in oral argument, which defendants have not denied, that subsequent to filing his complaint, he moved for a disclosure of certain written records at the penitentiary; whereupon the defendants moved for a dismissal of the action under Rule of Pleading, Practice and Procedure 12(b) (6), RCW vol. 0, on grounds that the complaint failed to state a claim upon which relief could be granted. It is from the granting of the motion for dismissal that this appeal is taken.

Dismissal of a claim under Rule 12(b) (6) is appropriate "only if it can be said that there is no state of facts which the plaintiff could prove in support of entitling him to relief under his claim." *Gold Seal Chinchillas, Inc. v. State*, 69 Wn.2d 828, 830, 420 P.2d 698 (1966). See also *Christensen v. Swedish Hosp.*, 59 Wn.2d 545, 548, 368 P.2d 897 (1962). Moreover,

> [T]he party who moves for judgment on the pleadings admits, for the purposes of the motion, the truth of every fact well pleaded by his opponent and the untruth of his own allegations which have been denied. *Hodgson v. Bicknell,* 49 Wn.2d 130, 136, 298 P.2d 844 (1956).

Plaintiff's complaint is predicated upon an alleged tort for which he seeks to hold the state, and two state officials, responsible. The doctrine of sovereign immunity has been abolished in Washington, RCW 4.92.090, and the state has been often subjected to tort liability. See *e.g., Adams v. State,* 71 Wn.2d 414, 429 P.2d 109 (1967). Nor are we aware of any rule of law that absolutely bars negligence suits against all public officers.

■ In a case such as this, the question of the state's liability is to be resolved under the rules we announced in *Evangelical United Brethren Church of Adna v. State,* 67 Wn.2d 246, 407 P.2d 440 (1965) (the Green Hill School case). There we made clear that the first inquiry, whenever the sovereign is sued in tort under RCW 4.92.090, is whether the acts complained of should be characterized as "discretionary" or "operational," as defined in Green Hill, *supra.* If the former, then the sovereign is immune; if the latter, sovereign immunity cannot apply.

■ This inquiry is ordinarily one which presents questions of fact. Yet, the record before the trial judge and before us now consists only of the pleadings filed, and the parties' allegations do not disclose sufficient facts to permit the application of the "Green Hill" test in this case. Both the plaintiff and the defendants seek to have this court consider matters outside of the record in making this determination, which we may not do. These matters should have been disclosed by discovery proceedings, for the allegations in the complaint could then have been considered in the light of the facts so disclosed, in a motion for a summary judgment hearing.

■ Plaintiff may or may not be able to establish facts which will entitle him to recover. We cannot say that, as a matter of law, he has no claim. This is especially true

where the court has notice of facts in dispute that are material to the cause. *Pearson v. Vandermay,* 67 Wn.2d 222, 233, 407 P.2d 143 (1965). The essential disputed fact in this case, which the trial court in its memorandum opinion took it upon itself to decide, is whether the defendant officials' allegedly negligent acts may be characterized as discretionary. It is obviously improper to resolve factual issues in a motion for judgment on the pleadings.

█ The procedural rules under our present practice are to be liberally construed in order that full discovery proceedings will be afforded in all instances where factual inquiries are in order. The judgment dismissing the plaintiff's action was premature and is therefore reversed. The cause is remanded with directions for further proceedings consistent with the views expressed in this opinion.

Costs will abide the final determination of the cause.

FINLEY, C. J., DONWORTH and NEILL, JJ., and WARD, J. Pro Tem., concur.