Harvey **GOLDBERG**, on behalf of himself and all others similarly situated, Plaintiff,

v.

**TOUCHE ROSS & CO. et al.,** Defendants.

No. 74 Civ. 1483.

United States District Court, S. D. New York.

Feb. 28, 1975.

Milberg & Weiss, New York City, for plaintiff; Melvyn I. Weiss, Jared Specthrie, New York City, of counsel.

Liebman, Eulau, Robinson & Perlman, New York City, for defendant Altman; Herbert Robinson, Allan J. Kirschner, Jeffrey I. Klein, New York City, of counsel.

METZNER, District Judge:

Defendant Arthur D. Altman moves to dismiss the complaint in a purported class action alleging violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder. The grounds for the motion are (1) insufficient service of process, (2) bar by the statute of limitations, (3) improper venue, (4) lack of specificity, and (5) failure to state a claim upon which relief may be granted.

Under the special venue provision of Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, venue is proper where the defendant is found, or is an inhabitant, or transacts business, or where "any act or transaction constituting the violation occurred."

Plaintiff is an individual who resides and earns his livelihood in Pennsylvania. There is absolutely no indication of any ties he might have with the Southern District of New York and, for all we know, he has never been in this jurisdiction. He purchased the stock in question through a broker in Pennsylvania. Despite his lack of contact with this jurisdiction, he predicates venue on the language contained in Paragraph 3 of the amended complaint which reads as follows:

"Many of the acts and effects thereof complained of herein occurred substantially in this district; such acts included the mailing of financial statements into this district and were designed to influence the trading of shares of Giant Stores Corp. ("Giant") on the American Stock Exchange."

The affidavit submitted by plaintiff in opposition to this motion does not enlarge nor add to the above quoted paragraph in the complaint.

The corporation whose stock is the subject matter of this lawsuit is not a defendant. The moving defendant is an individual who resides and conducts his business in Massachusetts. He is a member of the bar of that state. As to the other defendants, it appears that all the acts that they engaged in occurred in the state of Massachusetts.

The only reason I can see for this action having been brought here is that counsel for plaintiff is located here. Such a reason has little weight with a busy court when it is realized that competent counsel exist in Pennsylvania and this action could just as easily have been brought in Pennsylvania under the liberal venue provisions of Section 27 of the Securities Exchange Act of 1934.

Despite the broad language and liberal interpretation given to Section 27, it will not sustain plaintiff's position. His argument is that he can sue this defendant in any district in the country to which the alleged fraudulent material was sent. The mere mailing into the Southern District of New York, without more, does not make this district a place where an act constituting the violation occurred as to this plaintiff. Plaintiff relies on Zorn v. Anderson, 263 F.Supp. 745 (S.D.N.Y.1966), to support his view. That case is inapposite because there the proxy material was mailed to plaintiff at his home within the Southern District.

In view of this disposition of the motion, it is unnecessary for the court to determine the other issues raised by the moving papers.

The motion is granted.

So ordered.