[No. 46348. En Banc. June 26, 1980.]

WASHINGTON EDUCATION ASSOCIATION, ET AL, *Petitioners,* v. SHELTON SCHOOL DISTRICT NO. 309, ET AL, *Respondents.*

784

*Judith Lonnquist* and *Symone Scales* (*Robert Van Siclen* and *Richard Wilson,* of counsel), for appellants.

*Ronald R. Carpenter, Prosecuting Attorney,* and *Gerald R. Fuller, Deputy,* for respondent St. John School District.

*Perkins, Coie, Stone, Olsen & Williams,* by *John F. Aslin* and *Lawrence B. Ransom,* for respondents.

HOROWITZ, J.—Plaintiffs appeal from orders entered in King County Superior Court denying standing, transferring venue, and rejecting class certification in their sex discrimination suit. We reverse the trial court's rulings and remand for a proper consideration of the class certification issues presented in this case for the reasons stated below.

I

This suit was begun in King County Superior Court in September 1977 as an attempted plaintiff and defendant class action. It was brought by the Washington Education Association [WEA], which is a statewide organization representing teachers in the K–12 public school system, by several local education associations, by a group of public school women coaches, and by several parents of school–age daughters. The local education associations, the coaches, and the parents, purported to act individually and on behalf of other associations, coaches, and school–age children similarly situated. The WEA purported to act in the interests of its members. Defendants were the Washington Interscholastic Athletic Association [WIAA], which is a statewide organization of junior and senior high schools for interscholastic athletic competition, and 14 local school districts located throughout the state. The defendant school districts were purportedly sued individually and as representatives of the four statutory classes of school districts within the state.

The plaintiffs in their complaint alleged unequal salaries and working conditions for female coaches and inferior athletic programs, including unequal awards, facilities, equipment, supplies, transportation, and recruitment

opportunities, for school–age girls throughout the state public school system. The complaint alleged this inequality is the result of WIAA rules that are sexually discriminatory and of the failure of WIAA and local school districts to rectify past discrimination. Allegations of "pervasive and systemic" sex discrimination within the entire state public school extracurricular athletics program form the basis of the suit. Sex discrimination of the sort alleged in the plaintiff's complaint is prohibited by RCW 28A.85. ·

The suit was originally filed in King County Superior Court. With the complaint, the plaintiffs served on each defendant interrogatories and document production requests aimed at establishing the viability of class certification for both plaintiffs and defendants.

In their answers, non–King County defendants objected to venue under RCW 4.12.025. Some defendants asserted standing and joinder defenses to their participation in the suit. Motions to dismiss on the bases of standing and joinder were filed by some defendants. All of the defendants' motions were made pursuant to the provisions of CR 12.

Discovery against all defendants except the WIAA was indefinitely delayed by order of presiding Judge Barbara Durham until a date to be determined by the judge to be preassigned to the case. When the suit was preassigned to Superior Court Judge Erle Horswill, he determined that the court should first examine the venue, joinder, and standing issues and set up a timetable of defendants' interrogatories and plaintiffs' answers regarding these questions. The plaintiffs filed, but never noted up for argument, a motion requesting an order to compel answers to their original interrogatories concerning class certification, and only defendants' discovery proceeded. Thus, all of the court's rulings, noted below, were made without benefit of discovery requested by plaintiffs.

After discovery, briefing, and argument, Judge Horswill on June 22, 1978, granted the motions of all non–King County defendants for a change of venue. He transferred portions of the suit to 10 other counties in the state. Judge

Horswill dismissed outright the claims against the St. John, Naches, Mabton, and Granger school districts because none of the named plaintiffs directly bargained with, were employed by, or had daughters attending school in these districts, *i.e.*, for lack of standing. Judge Horswill further determined the issue regarding joinder of indispensible parties should be considered by the courts with proper venue.

In his oral decision, Judge Horswill stated:

[I]f we finally got down to the class action business, I would deny it because I do not think that's a matter where the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

However, Judge Horswill did not explicitly rule on the class certification issue.

On July 29, 1978, before he had signed a formal order concerning these holdings, Judge Horswill died. After reviewing the file and Judge Horswill's oral opinion and conducting two hearings on the matter, presiding Judge Lloyd Bever signed orders embodying Judge Horswill's standing and venue determinations. Judge Bever also formally denied class certification of both the proposed plaintiff and defendant classes, pursuant to Judge Horswill's oral opinion. In a separate order not appealed from, Judge Bever stayed the proceedings, as transferred into the other courts in the state with appropriate venue under his analysis, until the plaintiffs decided in which forum they would proceed.

Plaintiffs took an appeal as a matter of right and also moved for discretionary review to the Court of Appeals, Division One. The appellate court denied the motion and dismissed the appeal. On petition of the plaintiffs for review of the Court of Appeals denial of the motion and appeal, the Supreme Court Commissioner granted review.

The case at this stage in the proceedings presents no substantive issues as to the merits of plaintiffs' action. We

must determine merely whether the court's procedural rulings were premature. Before us at this time is the question of the appropriateness of the trial court's disposition of class certification in connection with the defendants' pretrial motions for dismissal for lack of standing and improper joinder and for transfer of venue. In light of the trial court's failure to permit plaintiffs' proposed discovery, the question presented is:

Did the trial court err under the facts of this case in considering questions of standing and venue before determining whether plaintiff or defendant classes should be certified?

## II

The plaintiffs first assert that the court must consider certifying requested classes before considering motions regarding venue and standing. This contention is based initially on the language of CR 23(c)(1):

> As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained.

Plaintiffs believe that by interposing the determination of appropriate venue and the question of standing with regard to certain named defendants, the trial court cannot have been considered to have dealt with certification "as soon as practicable." They allege that the class certification process must always precede the resolution of CR 12 motions, since class certification "will most frequently dictate the appropriate venue and resolve questions regarding the standing of any specific plaintiff."

■ However, it is clear from a review of cases considering the federal class action rule that class certification need not *always* be undertaken before other pretrial motions are considered. Other matters are often disposed of before class certification. *See, e.g., Goldberg v. Touche Ross & Co.*, 390 F. Supp. 290 (S.D.N.Y. 1975) (ruling on motion to dismiss for improper venue); *Umbriac v. American Snacks, Inc.*, 388 F. Supp. 265 (E.D. Pa. 1975) (ruling on motion for

transfer of venue). *See also Johnston v. Beneficial Management Corp.,* 85 Wn.2d 637, 538 P.2d 510 (1975).

Thus, the certification of class need not always be accomplished before turning to other questions in a proposed class action. But each of the cited cases, and the many other cases cited by the defendants for the proposition that certification is not always initially mandated, did not encompass a *defendant* class of the type envisioned by the plaintiffs in this instance. In each case that considered such a pretrial motion before class certification, the decision itself had no impact on certification of the class except to the extent that it might preclude the action simply because there was no claim upon which relief could be granted to any conceivable class; *i.e.,* there was no cause of action as a legal, rather than as a factual, matter. As shown below, the interrelationship of venue, standing, and class certification issues in this case precluded determination of the venue and standing issues before class certification even though such preliminary consideration of those matters is not always prohibited.

### III

Under CR 23(a) and (b), the court must consider the appropriateness of a class under several explicit criteria in determining whether a class should be certified. The relevant factors are (1) impracticality of joinder of all members of the class, (2) common questions of law or fact, (3) typical or common defenses, and (4) the representativeness of the individuals suing or being sued. In addition, it must be shown either (1) that individual suits create a grave collateral estoppel risk or threaten inconsistent judgments or (2) that injunctive relief may be necessary or (3) that a class action is superior to other means of proceeding.

In this case, the trial court did not explicitly establish the inapplicability of any of these standards to either the proposed plaintiff or defendant classes, or to a portion of either class. However, as discussed below, the trial court's

determination of the venue and standing issues extinguished the certification question as a practical matter. These determinations reflected on the viability of continuation of the suit as a class action and on the merits of the plaintiffs' claims of statewide systematic sex discrimination. Because the certification of a class is to be undertaken with no consideration of the merits of the plaintiffs' claims, *Miller v. Mackey Int'l, Inc.*, 452 F.2d 424, 429–30 (5th Cir. 1971), the way in which class certification was denied was an abuse of the trial court's discretion.

The plaintiffs correctly claim that the trial court's determination of the standing and venue claims in essence denied certification of a defendant class and as a practical matter rejected plaintiffs' claim of systematic discrimination within and among state public schools. The following paragraphs consider the practical implications of the trial court's rulings undertaken before class certification.

## A
### Dismissal for Lack of Standing

In order to bring suit, an individual must have a personal claim against a defendant. *Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir. 1976). The determination of standing is made independent of class certification; an individual named as a party in a class action cannot assert the action merely because the class has a claim if he himself does not. *See Johnston v. Beneficial Management Corp., supra* at 645.

None of the named individual party plaintiffs in this suit had any contact, as employee, student's parent, or local bargaining agent, with the St. John, Naches, Mabton, and Granger school districts. However, the determination that the named individual parties were therefore not injured by the actions of these school districts disregards the allegations of systematic discrimination in this suit. If the discrimination is the result of collusion among school districts statewide, as alleged in the complaint, then the actions of

these school districts presumably *do* injure the named plaintiffs because they perpetuate discriminatory action throughout the state. We need not, and do not, decide that substantive issue. We merely note the plaintiffs' standing to assert the claim and their right to a decision regarding its validity on the merits.

In addition, an alternative to individual standing is the concept of "associational standing":

> [A] nonprofit corporation or association which shows that one or more of its members are specifically injured by a government action may represent those members in proceedings for judicial review.

*Save a Valuable Environment v. Bothell,* 89 Wn.2d 862, 867, 576 P.2d 401 (1978). In the complaint in this suit, the Washington Education Association alleges that its affiliates bargain "for *all* teachers in the K–12 public school system." (Italics ours.) This presumably includes the teachers of the St. John, Naches, Mabton, and Granger school districts. The complaint also alleges that teachers' interests are injured by the alleged sex discrimination. Thus, under the concept of associational standing the suits against these districts should not have been dismissed because the WEA has a justiciable interest.

On both individual and associational standing grounds, the dismissals were inappropriate and represented a premature assessment of the proposed classes and of the validity of the plaintiffs' claims.

## B
### TRANSFER OF VENUE

Under RCW 4.12.025, venue is appropriate "in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides . . ." In this case, the plaintiffs brought their action where two of the defendants, Highline School District and the WIAA, reside. In transferring the cases against non–King County defendants to their "home" counties, the trial

court inappropriately decided, without referring to the provisions of CR 23, that a defendant class action was inappropriate and that the claims against each defendant were to be considered analytically separate.

The trial court also in essence determined that the plaintiffs' claims of systematic discrimination were not meritorious, since it is the *combination* of all state public school systems under the aegis of WIAA rules that constitutes the basis of the plaintiffs' complaint. Because class certification and determination of the merits of the plaintiffs' claims are entitled to independent consideration under standards different from those governing establishment of proper venue, consideration and action upon this motion before certification of the class was inappropriate. In making this determination we do not acknowledge that plaintiffs' claims are meritorious. We simply note once again that they have a right to have the substantive validity of their claims considered independently from these procedural determinations.

## IV

As discussed in the preceding section and as acknowledged in Judge Bever's order pursuant to Judge Horswill's oral opinion, the trial court's determination of the standing and venue issues as a practical matter denied class certification. In his oral opinion, Judge Horswill said he believed certification should not be allowed because a class action did not provide a superior means of fairly and efficiently adjudicating the matter. He stated that he believed that any discrimination in the extracurricular activities of the public school systems of the state could be best handled through litigation in a test case usable as precedent in other actions, such as *Darrin v. Gould,* 85 Wn.2d 859, 540 P.2d 882 (1975), which prohibited exclusion of girls from boys' football teams.

It does not appear from the record, however, that this refusal to certify followed any studied consideration of

the provisions of CR 23(a) and (b). Judge Horswill's opinion addresses itself to only one of the additional criteria for maintainability of a class action established in CR 23(b); three other qualifying means exist. In addition, the opinion does not consider whether the four minimal prerequisites of class certification contained in CR 23(a) have been met.

There is no set criteria for the type of evidentiary materials or hearings necessary to the class certification decision. However, it is clear that the provisions of CR 23, and particularly the criteria for maintenance of a class action, govern the class certification decision of the trial court. *DeFunis v. Odegaard,* 84 Wn.2d 617, 622, 529 P.2d 438 (1974). In *Brown v. Brown,* 6 Wn. App. 249, 492 P.2d 581 (1971), the Court of Appeals correctly overturned the trial court's refusal to certify a plaintiff class because of the judge's failure to articulate his application of the criteria of CR 23 to the facts relevant to class certification. The appellate court must consider only those matters in the record in determining whether the trial judge abused his discretion. *Barnum v. State,* 72 Wn.2d 928, 435 P.2d 678 (1967). The trial court's refusal to certify the plaintiff or defendant classes without appropriate consideration and articulate reference to the criteria of CR 23 was an abuse of discretion.

We express no opinion on the appropriateness or inappropriateness of certification of plaintiff or defendant classes under the facts of this case. It may be that the proposed classes should not be certified. However, the trial court must adequately consider the criteria of CR 23 in making that class certification decision and must then express its decision in light of the provisions of the rule.

The trial court's rulings in this case were premature. We therefore must reverse the trial court's rulings granting the defendants' motions for dismissal and change of venue and refusing to certify plaintiff or defendant classes. We further must remand the case to the trial court for a class certification decision pursuant to the criteria contained in CR 23

after completion of plaintiffs' requested discovery on this issue.

It is so ordered.

UTTER, C.J., and ROSELLINI, STAFFORD, DOLLIVER, and WILLIAMS, JJ., concur.

HICKS, J. (dissenting)—I am unable to agree with the majority in this case. It escapes me why the Colfax and St. John school districts should be dragged completely across the state, and the Mabton, Granger and Naches school districts half across the state to a King County lawsuit at the whim of the Washington Education Association. Especially does this seem unreasonable when the contacts upon which standing is based range from tenuous to none.

If this purported invidious discrimination is so all pervasive, as plaintiffs suggest, there are ample school districts within an hour's drive of the King County courthouse to serve as class representatives. I would affirm the orders and judgment of the trial court.

WRIGHT and BRACHTENBACH, JJ., concur with HICKS, J.

Reconsideration denied August 12, 1980.