PER CURIAM.
This is an appeal from a final order dismissing plaintiff’s complaint against the City of Boynton Beach, Palm Beach County and their insurance carriers. The determinative issue in the trial court and at this level is whether the governmental acts complained of should be characterized as “planning” or “operational” level activity as those terms are defined in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla.1979). If they are planning level activities, the governmental entities are immune; if they are operational level activities, sovereign immunity would not apply and the governmental entities would be subject to suit.
The Supreme Court in Commercial Carrier recommended a four pronged test to aid in the resolution of this question. It is our belief that the reasoned application of this four part test requires the development of facts which are simply not present in the record before us. Here the record consists only of the pleadings filed. The parties’ allegations do not disclose sufficient facts to permit the application of the Commercial Carrier test in this case. Consequently, we reverse the order dismissing plaintiff’s complaint with prejudice and remand the cause for the purpose of developing a record which will permit an application of the considerations set forth in Commercial Carrier and the cases cited in that decision. See Ferla v. Metropolitan Dade County, 374 So.2d 64 (Fla.3d DCA 1979), cert. denied, 385 So.2d 759 (Fla.1980); Barnum v. State, 72 Wash.2d 928, 435 P.2d 678 (1967).
ANSTEAD, HERSEY and HURLEY, JJ., concur.