IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| CARL GEORGE JAEGEL and WAVERLY JONELL JAEGEL, | ) ) ) | No. 68351-9-I |
| Appellants, | ) ) | |
| v. | ) ) ) | |
| STATE OF WASHINGTON; SKAGIT COUNTY, | ) ) ) | UNPUBLISHED OPINION |
| Respondents. | ) ) ) ) | FILED: March 11, 2013 |

VERELLEN, J. — Carl and Waverly Jaegel appeal from judgments on the pleadings entered in favor of the State of Washington (State) and Skagit County (County). They contend that statutes authorizing the assessment and collection of property taxes are unconstitutional and invalid. We affirm and award attorney fees for a frivolous appeal.

## FACTS

The Jaegels filed this action for declaratory relief against the County and the State seeking, among other things, an injunction prohibiting the assessment and collection of property taxes for two parcels of land they own in Skagit County. Both the County and the State moved for judgment on the pleadings.[1] The trial court granted

---

[1] CR 12(c).

both motions and awarded attorney fees for a frivolous complaint under RCW 4.84.185 and CR 11.

The Jaegels sought direct review in the Washington State Supreme Court. On February 8, 2012, the court transferred the Jaegels' appeal "and all related motions" to this court.

## DISCUSSION

We review the trial court's entry of judgment on the pleadings de novo.[2] In a motion for judgment on the pleadings, the moving party admits all facts well pleaded by the nonmoving party, but not the truth of the nonmoving party's conclusions or construction of the subject matter.[3] A judgment on the pleadings is appropriate only if it is clear beyond doubt that the nonmoving party can prove no set of facts that justify recovery.[4]

The Jaegels' arguments are frequently confusing or internally inconsistent. Their primary contention appears to be that RCW 84.56.010, .020, .050, and RCW 84.64, which authorize the assessment and collection of property taxes and lien foreclosures, are unconstitutional as applied to them. "An as-applied challenge to the constitutional validity of a statute is characterized by a party's allegation that application of the statute in the specific context of the party's actions or intended actions is unconstitutional."[5] In support of their claim, the Jaegels allege (1) that they are not Fourteenth Amendment

---

[2] N. Coast Enters., Inc. v. Factoria P'ship, 94 Wn. App. 855, 858, 974 P.2d 1257 (1999).

[3] Pearson v. Vandermay, 67 Wn.2d 222, 230, 407 P.2d 143 (1965).

[4] Bravo v. Dolsen Cos., 125 Wn.2d 745, 750, 888 P.2d 147 (1995).

[5] City of Redmond v. Moore, 151 Wn.2d 664, 668-69, 91 P.3d 875 (2004).

2

citizens, (2) that they have "terminated their charitable gift to the social security public trust"[6] and refused all government benefits, (3) that the State and County have forced them into an invalid contract to pay taxes by threat of foreclosure, and (4) that the "things called RCW's . . . are no more than an indexing guide to the enacted laws of the State of Washington and are not enacted law pursuant to the demands of the constitution of the State of Washington."[7]

But the Jaegels have not supported these allegations with any coherent legal argument or citation to relevant authority. We therefore decline to consider them.[8]

The Jaegels devote much of their argument to challenging the authority of the respondents and the validity of the Revised Code of Washington based on variations in the capitalization and the form of the respondents' names. They claim they are "primarily citizens of the incorporated State of Washington domiciled in the incorporated county of Skagit . . . [but] are not now or in the past been residents of the unincorporated STATE OF WASHINGTON or its subdivision SKAGIT COUNTY."[9] They maintain that the respondents and the "SUPERIOR COURT are unincorporated . . . trading companies who personate the incorporated State of Washington, county of

---

[6] Clerk's Papers at 16.

[7] Appellant's Br. at 2.

[8] See Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (appellate court will decline to review issue that is unsupported by cogent argument and briefing); see also RAP 10.3(a)(6) (party required to provide citations to legal authority). The Jaegels have cited numerous legal authorities in their brief. But these authorities are either taken out of context or provide no support for the Jaegels' claims.

[9] Appellant's Br. at 1.

3

Skagit and the State of Washington in the superior court . . . to engage in commercial activity."[10]

But no authority supports the Jaegels' claim that trivial or nonsubstantive variations in capitalization or word order render the respondent entities fictional or invalidate their authority to assess and collect property taxes. Under the doctrine of idem sonans, which the Jaegels themselves reference, it is well established that minor variations in the spelling of names do not invalidate legal documents or proceedings:

> "The rule of idem sonans is that absolute accuracy in spelling names is not required in legal documents or proceedings, either civil or criminal; that if the name as spelled in the document, though different from the correct spelling thereof, conveys to the ear, when pronounced according to the commonly accepted methods, a sound practically identical with the sound of the correct name as commonly pronounced, the name as thus given is a sufficient designation of the individual referred to, and no advantage can be taken of a clerical error."[11]

In summary, the allegations in the Jaegels' complaint are patently frivolous. Because it is clear beyond doubt that they can prove no set of facts that would entitle them to relief, the trial court properly entered judgment on the pleadings in favor of the State and the County.

We exercise our discretion and award attorney fees to both the State and the County for a frivolous appeal.[12] An appeal is frivolous "if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds

---

[10] Appellant's Br. at 38.

[11] In re Esparza, 118 Wn.2d 251, 259, 821 P.2d 1216 (1992) (quoting Kelly v. Kuhnhausen, 51 Wash. 193, 194, 98 P. 603 (1908)). The Jaegels' assertions to the contrary are frivolous.

[12] RAP 18.9(a).

4

could differ and is so lacking in merit that there is no possibility of reversal."[13] The Jaegels' allegations that they are not obligated to pay property taxes, unsupported by any relevant authority or coherent argument, satisfy that standard here.

During the pendency of this appeal, all of the parties filed various motions. The State and the County filed motions on the merits to affirm; the Jaegels filed a motion on the merits to reverse.[14] The Jaegels have also filed multiple motions for sanctions and a motion to stay proceedings involving unrelated civil and criminal citations. In light of our decision, we deny all of the parties' pending motions related to the appeal.

The trial court orders are affirmed. The State and County are awarded attorney fees subject to compliance with RAP 18.1(d).

WE CONCUR:

---

[13] In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997).

[14] RAP 18.14(e)(1), (2).