[No. 38632.    Department Two.    January 19, 1967.]

OSCAR E. HIGGINS *et al.*, *Plaintiffs*, v. THE STATE OF WASHINGTON, *Appellant*, AMERICAN BUILDING MAINTENANCE COMPANY, *Respondent.**

*The Attorney General, Richard M. Montecucco* and *Charles F. Murphy, Assistants*, for appellant.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Michael Mines*, for respondent.

OTT, J.—August 20, 1962, the American Building Maintenance Company, a corporation, was awarded a contract from the state of Washington for the performance of janitorial work at the Washington State Employment Security Building in Seattle.

October 8, 1962, while this contract was in full force and effect, May Higgins slipped and fell as she entered the building. November 25, 1964, May Higgins and her husband commenced an action against the state of Washington for injuries she allegedly received resulting from the fall. She contended that the negligence of the state in allowing rainwater to accumulate on the floor inside of the entrance to the building was the sole and proximate cause of her injuries.

*Reported in 422 P.2d 836.

The state entered a general appearance and moved the court that the American Building Maintenance Company be made a third party defendant. The motion was granted and a third party complaint was served upon the defendant, American Building Maintenance Company. The third party complaint alleged that the company had breached its contract with the state in failing to keep the entranceway clean. The third party defendant's motion for a dismissal of the complaint was granted on the ground that the complaint did not state a claim upon which relief could be granted. From a judgment dismissing its claim against the third party defendant, the state has appealed.

The third party complaint, in addition to pleading the facts substantially as set forth above, alleged that the third party defendant was an independent contractor; that the third party defendant had agreed to keep the premises clean, particularly the entranceways; and that if the entranceways had become wet and slippery creating a hazardous condition, as alleged by May Higgins, the hazardous condition was a result of the third party defendant's failure to perform the provisions of the contract. Paragraph 5 states as follows:

> That under the terms of said contract, special provisions and standard specifications, referred to in Paragraph IV above, the third-party defendant, American Building Maintenance Company, is liable to the State of Washington for any sum or judgment based on damages so entered and paid by the State of Washington.

Attached to the third party complaint was a copy of the Invitation to Bid, Specifications and Special Provisions, the Bid and the Award. The Specifications and Special Provisions provided, *inter alia,* "Bidders to contact the local office manager to discuss with him the *standards of performance* that shall be expected." (Italics ours.) The contract further provided that ". . . the Invitation to Bid, the Special Provisions, . . . and the Award, shall constitute the contract. . . ."

Rule of Pleading, Practice and Procedure 12(b), RCW vol. 0, provides: " . . . the following defenses may at the

option of the pleader be made by motion: . . . (6) . . . failure . . . to state a claim upon which relief can be granted . . . ."

Rule of Pleading, Practice and Procedure 8(a) provides:

(a) *Claims for Relief.* A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

■ A complaint can be dismissed under the provisions of RPPP 12(b) for failure to state a claim only where it is clear beyond doubt from a reading of the complaint that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Sherwood v. Moxee School Dist. No. 90,* 58 Wn.2d 351, 363 P.2d 138 (1961), and cases cited.

For the purposes of a motion to dismiss a complaint for failing to state a claim, the factual allegations of the complaint must be accepted as true. In the instant case, the third party complaint alleged (1) a contract, (2) a breach thereof, and (3) in the event liability attached to the state, a judgment over against the third party defendant. Such pleadings alleged a "set of facts" which support a claim for relief.

Applying the rules set forth above, we hold that the third party complaint does state facts sufficient to support a claim against the third party defendant.

The cause is reversed with instructions to reinstate the third party complaint and to proceed in accordance with the views herein expressed. Costs will abide the final determination of the cause.

DONWORTH, WEAVER, and ROSELLINI, JJ., and LANGENBACH, J. Pro Tem., concur.

March 6, 1967. Petition for rehearing denied.