[No. 39543.    Department Two.    August 22, 1968.]

MARGARET E. HOFTO, *as Administratrix, Appellant,* v. LARRY BLUMER *et al., Respondents.**

*Sterbick, Manza, Moceri, Gustafson & Narigi,* by *Michael S. Manza,* for appellant.

*Lycette, Diamond & Sylvester* and *Ralph M. Bremer,* for respondents.

*Reported in 444 P.2d 657.

DONWORTH, J.†—This is an action to recover damages for wrongful death instituted by the administratrix of the estate of Joseph L. Hofto, deceased, for the benefit of herself (his surviving wife) and two minor children.

In her original complaint the administratrix (herein referred to as appellant) named as defendants Larry Blumer and his wife, doing business as Gay Construction, who owned a certain flatbed truck, which collided with the pickup truck which was being operated by the deceased at the time of his death. Also named as defendants were Robert G. Kaiser (and his wife) who was an employee of defendants Blumer and was driving their flatbed truck at the time of the collision.

These defendants, in answering the complaint, admitted ownership of the flatbed truck and that at the time of the collision it was being operated by their employee in the course of his duties. They denied all allegations of negligence on the part of the employee and affirmatively pleaded two defenses: (1) that the collision was caused by the negligence of an unknown person and (2) that it was caused by the contributory negligence of the deceased.

As a result of the first affirmative defense discovery proceedings were had and an amended complaint was filed in which Joseph Stafford and his wife (herein called respondents) were named as additional defendants.

As briefly stated in appellant's brief, the substance of the allegations in the amended complaint relating to respondents activities is as follows:

> The Amended Complaint realleges the allegations of the first Complaint against the original Defendants, BLUMER and KAISER, and in paragraph VI further alleges that the Respondents STAFFORD prior to and at the time of the collision owned and operated the GRAHAM STORE AND TAVERN which was adjacent to the right of way of the state highway where the collision occurred, and that Respondents negligently created a nuisance and a condition dangerous to the users of the highway, and especially to

---

†Judge Donworth is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

the decedent, by recklessly and negligently allowing and permitting their patrons to angle park their vehicles on the public right of way so that in leaving the premises of the Respondents said customers were required to back onto the paved portion of the state highway, and that just prior to the fatal collision an unidentified patron of the Respondents did back his vehicle from the parking premises maintained by the Respondents onto the highway into the path of the truck of the Defendants BLUMER.

Respondents filed a motion to dismiss the action as to them on the ground that appellant had failed to state a claim in the amended complaint upon which relief could be granted.

Respondents' motion was orally argued in the trial court and also briefs were submitted. The court then rendered its oral opinion dismissing respondents from the action as follows:

THE COURT: An interesting theory has been presented here and thoroughly explored. I am glad that I have had the opportunity to look at these briefs and check out some of these cases.

I have come to certain definite conclusions and I hold that the Plaintiffs Complaint fails to state a claim upon which relief can be granted as to defendant Stafford.

I hold that there could be nothing proven, no set of facts which would entitle the plaintiff to recover against the defendant Stafford.

I hold that as far as the defendant Stafford is concerned, there is no right to control parking, no duty to control parking, no voluntary exercise of control of parking.

I hold there is no foreseeable consequences that would put the Stafford's on notice that somebody would violate the law, as apparently another party did here.

I hold they did not create the condition, that they are not responsible for the condition, that the encroachment, if any, could not be considered a proximate cause, that there is no nuisance maintained by the defendant Stafford under any statute or common law or State courts.

I hold that the cases of Cain vs. Dougherty, *54 Wn 2d,* 466 and Kelly vs. Gifford, *63 Wn* 2nd, 221, sustains and

supports the Court's position rather than the plaintiff's position.

For that reason the defendant Stafford will be dismissed.

Thereafter the trial court entered an order in accordance with the foregoing opinion and appellant has appealed therefrom to this court.

In order to determine whether or not the trial court was in error in entering its order of dismissal we must consider the pertinent allocations of the amended complaint:

## IV

That at all times herein mentioned JOSEPH STAFFORD and LOIS J. STAFFORD were and are now husband and wife, forming a marital community under the Laws of the State of Washington and were and are now conducting a tavern and grocery business known as GRAHAM STORE AND TAVERN, adjacent to State Highway #161 in the vicinity of Graham, Pierce County, Washington, adjacent to the point where the collision hereinafter referred to took place.

## V

That on or about the 19th day of November, 1965, the decedent, JOSEPH L. HOFTO, was driving his 1953 Chevrolet pickup truck in a careful and prudent manner in a southerly direction on State Highway #161 in the vicinity of Graham, Pierce County, Washington; that while said decedent was driving his aforesaid vehicle on the right side of the center line and on his portion of said roadway, the defendant, ROBERT G. KAISER, was driving the aforesaid 1963 Chevrolet two-ton flatbed truck owned by the defendants, BLUMER, in a northerly direction in a reckless, careless and unlawful manner and did, in the vicinity of the GRAHAM STORE AND TAVERN aforesaid, cross the center line of said roadway, out of control, and crashed into the approaching vehicle of decedent with a violent impact, causing serious and mortal injuries to the said decedent from which he died a short time thereafter.

## VI

That for some time prior to the 19th day of November, 1965 and up to said date, the defendants, STAFFORD, owned and operated GRAHAM STORE AND TAVERN, which store and tavern was adjacent to the highway where said collision occurred and their tavern was next to the

right-of-way of said public highway; that they had at said time recklessly and negligently permitted and allowed customers of their tavern and store to angle park their vehicles on the public right-of-way creating a dangerous condition along said highway in that said angle-parked vehicles would back out onto the paved portion of the highway and had to back onto the paved portion of the highway in leaving the premises of the said defendant, creating a dangerous condition for users of the highway; that on the date and time aforesaid, just prior to the happening of the aforesaid collision, a patron of defendant, STAFFORD'S tavern whose name is unknown to plaintiff, did back his vehicle from the parking premises maintained by the defendants, STAFFORD, backing his vehicle onto the highway in the path of the defendant BLUMER, truck. That the conduct of the defendants, STAFFORD, in allowing their patrons to angle park adjacent to the paved portion of the highway, created a nuisance and a dangerous and hazardous condition with respect to users of the highway and particularly the decedent. That all of said conduct of the defendants, STAFFORD, proximately caused the collision of the aforesaid vehicles and the death of the decedent, HOFTO.

## VII

That the aforesaid conducts of all of said defendants singularly and concurrently proximately caused said collision, proximately caused the death of decedent, HOFTO, and damages to the plaintiff as hereinafter complained of.

The prayer of the amended complaint was for judgment for $300,000 general damages, plus funeral and burial expenses and $100 for loss of the pickup truck.

Appellant's assignments of error are directed to the reasons stated by the trial court in rendering its oral decision (quoted above) and in entering its order dismissing respondents from the action.

Appellant in her brief in her endeavor to show that the order of the trial court was erroneous cites CR 8(a) and 12(b)(6), RCW vol. 0.[1] She states that the only two deci-

---

[1]Rule 8 (a): "Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand

sions of this court involving dismissal of claims thereunder are *Sherwood v. Moxee School Dist. No. 90,* 58 Wn.2d 351, 363 P.2d 138 (1961) and *Higgins v. State,* 70 Wn.2d 323, 422 P.2d 836 (1967).

■ In the latter case, in reversing the trial court's dismissal of a third party complaint we said:

> A complaint can be dismissed under the provisions of RPPP 12(b) for failure to state a claim only where it is clear beyond doubt from a reading of the complaint that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Sherwood v. Moxee School Dist. No. 90,* 58 Wn.2d 351, 363 P.2d 138 (1961), and cases cited.
>
> For the purposes of a motion to dismiss a complaint for failing to state a claim, the factual allegations of the complaint must be accepted as true. In the instant case, the third party complaint alleged (1) a contract, (2) a breach thereof, and (3) in the event liability attached to the state, a judgment over against the third party defendant. Such pleadings alleged a "set of facts" which support a claim for relief.

This court in the *Moxee* case pointed out that under the rules above referred to it is no longer necessary for a plaintiff to plead facts "constituting a cause of action." We there quoted from *Conley v. Gibson,* 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 Sup. Ct. 99 (1957) in which the United States Supreme Court stated the test to be applied in passing upon such a motion as follows:

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

We have recently had occasion to consider these rules in *Barnum v. State,* 72 Wn.2d 928, 435 P.2d 678 (1967) in

---

for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

Rule 12 (b) "Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted, . . . ."

which an inmate of the state penitentiary sued the state and two state officials for personal injuries sustained in an assault committed upon him by another inmate, who was also named as a defendant. The defendants moved for a dismissal under CR 12(b)(6), RCW vol. 0. The trial court granted the motion. On appeal from the order of dismissal we held that the trial court's action in granting the motion was premature. Concerning the application of the above rule we said:

> The plaintiff asserts in his brief and in oral argument, which defendants have not denied, that subsequent to filing his complaint, he moved for a disclosure of certain written records at the penitentiary; whereupon the defendants moved for a dismissal of the action under Rule of Pleading, Practice and Procedure 12(b)(6), RCW vol. 0, on grounds that the complaint failed to state a claim upon which relief could be granted. It is from the granting of the motion for dismissal that this appeal is taken.
>
> Dismissal of a claim under Rule 12(b)(6) is appropriate "only if it can be said that there is no state of facts which the plaintiff could prove in support of entitling him to relief under his claim." *Gold Seal Chinchillas, Inc. v. State,* 69 Wn.2d 828, 830, 420 P.2d 698 (1966). See also *Christensen v. Swedish Hosp.,* 59 Wn.2d 545, 548, 368 P.2d 897 (1962).

In the case before us we are unable to agree with the reasons stated by the trial court for holding that under the allegations of the amended complaint no set of facts could be proven which would entitle appellant to recover against respondents.

We think it would be improper for us to discuss at this time the merits of the contentions of the parties which are fully stated in the briefs. To do so might have the effect of prejudging this case when it comes on for trial. As yet respondents have not had occasion to file an answer so that the factual issues have not been framed at this time.

Our conclusion is that we cannot say that it appears beyond doubt from the allegations of the amended complaint that appellant can prove no set of facts in support of

her claim which would entitle her to the relief sought against respondents.

The order appealed from is reversed and the case is remanded for further proceedings consistent with the views expressed herein.

FINLEY, C. J., HILL, HAMILTON, and NEILL, JJ., concur.