[No. 14824-9-I.   Division One.   March 3, 1986.]

LARRY D. PIFER, ET AL, *Respondents,* v. RICHARD EGGER, ET AL, *Petitioners.*

*Lane, Powell, Moss & Miller, Mark E. Johnson,* and *Thomas C. Sorenson,* for petitioners.

*Jerald Pearson; Karr, Tuttle, Koch, Campbell, Morrow & Mawer* and *William Beaver, Jr.,* for respondents.

GROSSE, J.—This case presents an issue of first impression in this state: Whether the Industrial Insurance Act bars a civil action for torts allegedly committed during the adjustment of an industrial insurance claim.

Larry and Pamela Pifer sued Safeway Stores, Inc., and Scott Wetzel Services, Inc. (Wetzel) and their employees for acts and omissions in processing Larry Pifer's industrial insurance claim. They alleged outrage, intentional infliction of emotional distress, negligent infliction of emotional distress, fraud, conspiracy to commit fraud, bad faith, and violation of the Consumer Protection Act. Safeway was Larry Pifer's employer. Wetzel contracted with Pifer's employer to adjust industrial insurance claims.

A summary judgment motion was made by the defendants on the ground that the Industrial Insurance Act is a complete bar to any action for torts committed during the industrial insurance claims adjustment process. The motion was denied, and the defendants applied to this court for discretionary review which was granted by order of the

commissioner on July 25, 1984. For the reasons set forth below, we remand this case to the trial court for further proceedings.

The record in this matter is wholly inadequate to permit appellate review. The motion for summary judgment was supported by affidavits of the defendants, individually and as employees of the corporate defendants. The essence of these was that the respective affiant knew of no basis for the plaintiffs' claim and that the affiant was simply doing his or her duty for either Safeway or Wetzel. No countervailing affidavits were submitted by the plaintiffs and the plaintiffs' complaint contains no factual allegations providing any basis for their assertions regarding the defendants' misconduct.

In these circumstances, the defendants' motion must be treated as one for failure to state a claim pursuant to CR 12(b)(6). *See Maki v. Aluminum Bldg. Prods.,* 73 Wn.2d 23, 436 P.2d 186 (1968). The test with respect to a motion for failure to state a claim is set forth in *Berge v. Gorton,* 88 Wn.2d 756, 759, 567 P.2d 187 (1977), and is as follows:

> The basic rules of law governing this action are clear. A complaint need only set forth a short and plain statement of a claim showing that the pleader is entitled to relief. CR 8(a)(1). No dismissal for failure to state a claim should be granted unless it appears, beyond doubt, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Sherwood v. Moxee School Dist. 90,* 58 Wn.2d 351, 363 P.2d 138 (1961); *Higgins v. State,* 70 Wn.2d 323, 422 P.2d 836 (1967). Factual allegations of the complaint must be accepted as true for purposes of the motion. *Hofto v. Blumer,* 74 Wn.2d 321, 444 P.2d 657 (1968).

This approach does not preclude a subsequent motion for summary judgment wherein factual data are presented which show the lack of material facts at issue and one party or the other entitled to judgment as a matter of law. *See Sherwood v. Moxee Sch. Dist. 90,* 58 Wn.2d 351, 354 n.4, 363 P.2d 138 (1961).

That the industrial insurance statute is a complete bar to

actions against the employer for injuries to an employee arising out of his employment seems certain and beyond dispute. *See Seattle–First Nat'l Bank v. Shoreline Concrete Co.*, 91 Wn.2d 230, 588 P.2d 1308 (1978). On the other hand, the act by its terms preserves a right of action in an employee for the intentional torts of his employer, RCW 51.24.020, and a right of action against third parties where the injury to the worker is due to the negligence or wrong of a third person not in the same employ as the employee. RCW 51.24.030. On its face, the complaint in the instant matter falls within the interstices of the statute. Some of the various issues which would appear to be raised are: Whether a tortious conduct occurring in the course of claim administration constitutes an industrial injury as contemplated by the statute; if it is an industrial injury, is the conduct such that it would be deemed intentional so as to remove the shield of immunity from the employer and his agents; whether any immunity provided by the statute for the employer can be imputed to the agents of the employer who are acting on his behalf in the claim administration process; whether, in fact, an entity such as Wetzel is an agent as distinct from a third party independent contractor; whether third party independent contractor status should, in any event, preclude a claim of immunity by that contractor for improper claim administration. We do not mean to suggest that this list is all inclusive. Without facts it is impossible to identify and characterize all of the issues that arise from this complaint. More importantly, without facts this court is placed in the position of constructing hypotheticals and attempting to answer them—a step or two beyond even an advisory opinion, which we cannot and will not render.

The trial court is affirmed and the cause remanded for further proceedings.

SCHOLFIELD, C.J., and WILLIAMS, J., concur.