9 P.3d 838 (2000)
STATE of Washington, Respondent,
v.
Harold Rick KELTNER, Appellant.
No. 45030-1-I.
Court of Appeals of Washington, Division 1.
July 31, 2000.
Publication Ordered September 22, 2000.
*839 Catherine Chaney, Seattle, for Appellant.
Eddie Aubrey, King County Pros. Office, Seattle, for Respondent.
PER CURIAM.
Appellant Harold Rick Keltner appeals the trial court's denial of his motion to dismiss a charge for attempting to elude a pursuing police vehicle, a felony under RCW 46.61.024. Keltner argues that his rights to mandatory joinder under Criminal Rule (CrR) 4.3A(b)(3) and to a speedy trial under CrR 3.3 were violated because the State charged Keltner with the felony on December 14, 1998, months after his traffic infractions arising out of the same incident had been resolved. We find that CrR 4.3A and CrR 3.3 do not apply to the traffic infractions, which are civil in nature, and affirm.

BACKGROUND
On May 14, 1998, Keltner did not stop the vehicle he was driving when Washington State Patrol Trooper Chatterton attempted to stop the vehicle for traffic infractions. Trooper Chatterton pursued Keltner and stopped him. Keltner was cited for: (1) failure to yield the right of way on approach of an emergency vehicle, in violation of RCW 46.61.210; and (2) failure to obey restrictive sign (high occupancy vehicle lane), in violation of RCW 46.61.050. These citations were filed in King County District Court on May 18, 1998. Keltner resolved the traffic infractions by paying the fines on August 20, 1998.
On December 14, 1998, the State charged Keltner in King County Superior Court with attempting to elude a pursuing police vehicle, in violation of RCW 46.61.024. The charge arose out of the incident occurring on May 14, 1998. A violation of RCW 46.61.024 is a class C felony.
Keltner moved to dismiss the felony charge under CrR 4.3A(b)(3), alleging that his right to mandatory joinder was violated, and under CrR 3.3(c)(1), alleging a violation of his right to a speedy trial. The trial court denied the motion, and Keltner was found guilty.

ANALYSIS
Keltner argues that his traffic infractions and his felony charge arose out of the same conduct and are thus subject to the mandatory joinder rule.[1] He also asserts that his *840 CrR 3.3[2] right to a speedy trial was violated because the felony charge was filed beyond the speedy trial period as he calculates it for the traffic infraction proceedings.[3] Keltner points to several cases in which a defendant's rights to mandatory joinder or speedy trial were violated where the State filed new criminal charges after related criminal charges arising from the same conduct were resolved. See, e.g., State v. Peterson, 90 Wash.2d 423, 585 P.2d 66 (1978), superseded by rule as stated in State v. Newcomer, 48 Wash.App. 83, 737 P.2d 1285 (1987), (speedy trial violation); State v. Russell, 101 Wash.2d 349, 678 P.2d 332 (1984) (mandatory joinder); State v. Dallas, 126 Wash.2d 324, 892 P.2d 1082 (1995) (mandatory joinder); State v. Harris, 130 Wash.2d 35, 921 P.2d 1052 (1996) (speedy trial violation).
The State argues that CrR 4.3A and CrR 3.3 do not apply to the traffic infractions, which are civil in nature. Keltner responds that traffic infractions are quasi-criminal.
We find that the traffic infractions for which Keltner was cited are civil, not criminal. See City of Bremerton v. Spears, 134 Wash.2d 141, 150, 949 P.2d 347 (1998) (stating that traffic infractions are civil actions, not "quasi-criminal"). The legislature expressly stated its intent to decriminalize certain traffic offenses. See RCW 46.63.010. Excepting enumerated offenses, a violation of Title 46 "is designated as a traffic infraction and may not be classified as a criminal offense." RCW 46.63.020. The traffic infractions committed by Keltner, RCW 46.61.210 and RCW 46.61.050, are not designated as exceptions.
CrR 4.3A and CrR 3.3 do not apply to the civil traffic infractions Keltner committed. CrR 1.1 expressly provides that the criminal rules apply to all criminal proceedings. There is no authority for applying the criminal rules to civil traffic infractions. The cases on which Keltner relies involve CrR 4.3A and CrR 3.3 violations where the first offenses charged were criminal and the offenses subsequently charged arising out of the same conduct were also criminal. That is not the case here.
Furthermore, we see no good reason for applying the criminal rules to civil traffic infractions. RCW 46.63.080 provides that rules of procedure for traffic infraction hearings may be established by the Washington Supreme Court. The Supreme Court has established infraction rules for courts of limited jurisdiction.[4]See IRLJ 1.1. These rules apply to all cases involving infractions, which are "noncriminal violations of law defined by statute." IRLJ 1.1. Thus, there is no need to apply the criminal rules to infractions. Any gaps in the infraction rules would be filled by the civil rules.

CONCLUSION
We affirm because the criminal rules regarding mandatory joinder and a speedy trial do not apply to traffic infractions, which are civil in nature.
NOTES
[1] CrR 4.3A(b)(3) provides:

A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense, unless a motion for consolidation of these offenses was previously denied or the right of consolidation was waived as provided in this rule. The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted.
Offenses are "related" if they are based on the same conduct and are within the jurisdiction and venue of the same court. See CrR 4.3A(b)(1).
[2] CrR 3.3(c)(1) provides, in relevant part:

A defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment. A defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment.
[3] Keltner contends that the speedy trial period began on June 12, 1998, the district court date scheduled for Keltner to contest his traffic infractions, which Keltner equates to an arraignment.
[4] The district court is a court of limited jurisdiction wherein the infraction rules apply. See IRLJ 1.2(d).