**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
MARCH 3, 2022

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
MARCH 3, 2022

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| CHRIS WILLIAMS, individually and on behalf of all similarly situated, | ) ) ) | |
| | ) | No. 99071-9 |
| Petitioner, | ) ) | |
| v. | ) ) | En Banc |
| CITY OF SPOKANE; and AMERICAN TRAFFIC SOLUTIONS, INC, a foreign corporation, | ) ) ) ) | |
| | ) | Filed: March 3, 2022 |
| Respondents. | ) ) | |

YU, J. — This case involves procedural questions that may arise when a person seeks relief from a municipal court judgment imposing a traffic infraction fine. Chris Williams was fined in Spokane Municipal Court for speeding in a school zone, an infraction captured by a traffic safety camera. Williams did not contest the infraction when it was issued, but he now claims that the camera was improperly positioned to photograph vehicles outside of the school zone. As a result, Williams contends that his infraction and the resulting municipal court judgment are invalid.

*Williams v. City of Spokane*, No. 99071-9

Instead of moving to vacate the judgment in municipal court, Williams filed a putative class action complaint in superior court against the City of Spokane (City) and American Traffic Solutions Inc. (ATS), seeking a refund of his fine and declaratory and injunctive relief. The trial court denied the defendants' motion for summary judgment. The Court of Appeals reversed, holding that Williams's complaint must be dismissed. We affirm the Court of Appeals.

In accordance with court rules, statutes, and case law, Williams must seek a refund of his infraction fine from the municipal court that issued the judgment. Until he does so, Williams does not have standing to seek declaratory or injunctive relief. Therefore, all of his claims are precluded. We remand to the superior court for dismissal of Williams's complaint.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 1, 2016, an ATS traffic safety camera near an elementary school captured Williams's car traveling at 28 miles per hour. Spokane Municipal Court issued him a notice of infraction (NOI) for speeding in a school zone. Williams initially requested a hearing to contest the NOI, but after the court scheduled a hearing date, Williams elected to pay the $234 fine without contest in July 2016.

On April 25, 2018, Williams filed a putative class action complaint against the City and ATS in Spokane County Superior Court. His complaint alleges that the traffic safety camera was incorrectly positioned and therefore that "[t]he tickets

2

*Williams v. City of Spokane*, No. 99071-9

were improper as plaintiff and the class of similarly situated individuals were ticketed for allegedly speeding when they were not actually in a designated school zone." Clerk's Papers (CP) at 3. In addition to a refund of his fine based on theories of due process and unjust enrichment, Williams seeks an injunction and a judicial declaration "that defendants are unlawfully issuing speeding tickets for exceeding 20 miles per hour using speed enforcement equipment to measure vehicle speed outside of the statutorily designated school zone." *Id.* at 9.

The City and ATS moved for summary judgment, contending that all of Williams's claims are barred by res judicata and applicable court rules, that his unjust enrichment claim is barred by his voluntary payment of the fine, that the superior court lacks subject matter jurisdiction, and that Williams's claims fail on the merits. The superior court denied summary judgment, and the Court of Appeals granted the City and ATS's motion for discretionary review.

On appeal, the City and ATS raised the same arguments as in their motion for summary judgment, and they contended for the first time that Williams lacks standing to seek equitable relief and that he fails to state a claim against ATS. Following oral argument, the Court of Appeals requested supplemental briefing on four questions related to standing:

> 1.  Did Spokane and ATS assert, before the superior court, that
>     Chris Williams lacked standing to seek equitable relief?

3

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

2. If the answer to question 1 is "no," may Spokane and ATS assert the defense of lack of standing for the first time on appeal?

3. May this appeals court address Spokane's and ATS' defense of lack of standing for the first time on appeal because Williams did not argue to the contrary in his responding brief?

4. Should this court address lack of standing regardless if the general rule is that standing cannot be raised for the first time on appeal, because Spokane and ATS could assert the defense on remand and the superior court could then dismiss the claims for equitable relief based on lack of standing?

Letter Requesting Suppl. Briefing, *Williams v. City of Spokane*, No. 36508-5-III, at

1 (Wash. Ct. App. May 5, 2020). After the parties filed their supplemental briefs,

the Court of Appeals issued an unpublished opinion reversing the superior court.

The Court of Appeals held that the superior court has subject matter

jurisdiction because "it holds authority to adjudicate the type of controversy

involved in the action." *Williams v. City of Spokane*, No. 36508-5-III, slip op. at

10 (Wash. Ct. App. June 18, 2020) (unpublished), https://www.courts.wa.gov/

opinions/pdf/365085_unp.pdf. However, the court held that Williams's monetary

claims are precluded by statutes and court rules requiring those claims to be

brought in the first instance in the municipal court. The Court of Appeals also

chose to reach the issue of standing and held that Williams lacks standing to seek

declaratory and injunctive relief because he "does not allege that he ever drives

4

*Williams v. City of Spokane*, No. 99071-9

through the . . . school speed zone anymore." *Id.* at 26. The court did not reach the other arguments raised by the City and ATS.

We granted Williams's petition for review and now affirm.

## ISSUES

A.      Did the Court of Appeals err by holding that Williams's monetary claims must be dismissed because he has not sought relief in municipal court?

B.      Did the Court of Appeals err by reaching the issue of standing when it was raised for the first time on appeal?

C.      Does Williams have standing to seek equitable relief?

## ANALYSIS

A.      Williams's monetary claims must be brought in municipal court

Williams's complaint raises two claims for monetary damages based on theories of due process and unjust enrichment. Both monetary claims seek a refund of Williams's infraction fine and the fines paid by other members of the class, should a class ultimately be certified in this case.[1] The superior court is not the proper forum to seek refunds of infraction fines that were adjudicated in municipal court. Therefore, Williams's monetary claims must be dismissed.

---

[1] Williams's due process claim seeks "damages" for "depriv[ation] of property without due process of law in amounts to be determined at trial." CP at 8. His unjust enrichment claim seeks "restitution or disgorgement of all payments made to defendants for infractions assessed against plaintiff and class members, all in an amount to be determined at trial." *Id.* at 9.

5

"Infractions are noncriminal violations of law defined by statute." IRLJ 1.1(a). Speeding in a school zone is one such infraction, defined by RCW 46.61.440(1). Therefore, like "all cases involving infractions," the disposition of Williams's infraction is governed by the "uniform and expeditious system" established in chapter 46.63 RCW and the Infraction Rules for Courts of Limited Jurisdiction (IRLJs). *State v. Keltner*, 102 Wn. App. 396, 399, 9 P.3d 838 (2000); RCW 46.63.010, .080(1).

Traffic infraction cases are initiated by a "notice of traffic infraction" or "[n]otice of infraction." RCW 46.63.060(1); IRLJ 1.2(b), 2.2(a). "If a notice of infraction is filed in a court which is not the proper venue, the notice shall be dismissed without prejudice on motion of either party." IRLJ 2.3. In this case, Williams's NOI was filed in Spokane Municipal Court, which the parties do not dispute was the proper venue.

A person must respond to an NOI within 15 days. RCW 46.63.070(1); IRLJ 2.4(a). If they do not want to contest the infraction, the person must respond by paying the fine "to the court specified on the notice," in which case "an appropriate order shall be entered in the court's records." RCW 46.63.070(2); *see also* IRLJ 2.4(b)(1). If they want to contest the infraction or "explain mitigating circumstances," the person must request a hearing. RCW 46.63.070(3), (4); *see also* IRLJ 2.4(b)(2), (3). An NOI "represents a determination that an infraction has

6

*Williams v. City of Spokane*, No. 99071-9

been committed" and is "final unless contested as provided in" chapter 46.63

RCW. RCW 46.63.060(1); *see also* IRLJ 2.5.

In this case, Williams initially requested and received a hearing date but

ultimately chose to pay the fine without contesting it or attempting to explain

mitigating circumstances. As a result, Williams's NOI was not "contested" and is

therefore "final." RCW 46.63.060(1). He is not entitled to (and did not attempt to)

appeal the resulting municipal court judgment. IRLJ 5.1. The only avenue for

Williams to obtain relief from the judgment "is governed by CRLJ 60(b)." IRLJ

6.7(a). CRLJ 60(b), in turn, provides that "[o]n motion and upon such terms as are

just, the court may relieve a party or [their] legal representative from a final

judgment, order, or proceeding." It does not refer to "a" court or "any" court; it

refers to "the" court, that is, the court that issued the underlying judgment. *Cf.*

*Guardado v. Guardado*, 200 Wn. App. 237, 243-44, 402 P.3d 357 (2017)

(published in part) (interpreting CR 60(e)(1)).

Thus, in accordance with the plain language of IRLJ 6.7(a) and CRLJ 60(b),

to obtain a refund of his uncontested fine, Williams must file a motion to vacate

the judgment in Spokane Municipal Court. He did not do so, choosing instead to

file a complaint for a refund of his fine in superior court. This was not the proper

forum to seek such relief, so his monetary claims must be dismissed.

7

*Williams v. City of Spokane*, No. 99071-9

In all relevant aspects, this case is indistinguishable from *Boone v. City of Seattle*, a persuasive, unpublished Court of Appeals decision.[2]  No. 76611-2-I (Wash. Ct. App. July 9, 2018) (unpublished), https://www.courts.wa.gov/opinions /pdf/766112.pdf.  Like Williams, Boone received an NOI for speeding in a school zone and "paid the ticket without contest."  *Id.* at 2.  Boone later filed a putative class action in superior court, which claimed that the sign marking the speed zone provided inadequate notice and "alleged that the City had improperly collected over $10 million dollars through fines in these school zones.  He sought declaratory relief and restitution of fines paid."  *Id.* at 3.  The superior court ruled that the restitution claim must be brought in municipal court, and Division One of the Court of Appeals affirmed, holding that "[t]he exclusive means to vacate a void judgment is through a motion under CRLJ 60(b)."  *Id.* at 6 (applying *Jane Doe v. Fife Mun. Court*, 74 Wn. App. 444, 874 P.2d 182 (1994), *review denied*, 125 Wn.2d 1024 (1995)).

The year after *Boone* was decided, Division Two applied a similar analysis in *Karl v. City of Bremerton*, and this court denied review.  No. 50228-3-II (Wash. Ct. App. Feb. 20, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/ D2%2050228-3-II%20Unpublished%20Opinion.pdf, *review denied*, 193 Wn.2d

---

[2] "[U]npublished opinions of the Court of Appeals filed on or after March 1, 2013, may be cited as nonbinding authorities, if identified as such by the citing party, and may be accorded such persuasive value as the court deems appropriate."  GR 14.1(a).

1020 (2019). The year after that, Division Three reached the same conclusion in the case now before us. *Williams*, No. 36508-5-III, slip op. at 15-17.

Williams would have us reject the analysis of all three divisions of the Court of Appeals and hold that *Boone*, *Karl*, and *Williams* were wrongly decided. We decline. It is true that these opinions relied in part on *Doe*, and that *Doe* applied CrRLJ 7.8(b) instead of CRLJ 60(b). *See Doe*, 74 Wn. App. at 451. However, that distinction does not affect the outcome because the rules are not distinguishable in any relevant way.

CRLJ 60(b) provides, "On motion and upon such terms as are just, the court may relieve a party or [their] legal representative from a final judgment, order, or proceeding" for specified reasons, including that "[t]he judgment is void." CRLJ 60(b)(5). Likewise, CrRLJ 7.8(b) provides, "On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding" for specified reasons, including that "[t]he judgment is void." CrRLJ 7.8(b)(4). Thus, the provisions are identical except for CRLJ 60(b)'s reference to a party's legal representative.[3] Moreover, it is equally true here as it was in *Doe* "that judicial resources are employed more efficiently if the party who asserts a

---

[3] CRLJ 60 contains other provisions, including CRLJ 60(c), which provides, "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding." However, IRLJ 6.7(a) specifically provides that only "CRLJ 60(b)" governs requests for relief from infraction judgments.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Williams v. City of Spokane*, No. 99071-9

judgment or order as being void is first required to address its concerns to the court that issued the judgment or order." 74 Wn. App. at 454. Therefore, we hold that *Doe* applies by analogy, and Williams must seek a refund of his fine in municipal court.

In arguing to the contrary, Williams relies in part on *Hadley v. Maxwell*, a collateral estoppel case. 144 Wn.2d 306, 27 P.3d 600 (2001). The City and ATS do not contend that Williams's monetary claims are barred by collateral estoppel. Moreover, *Hadley*'s observation that "when there is nothing more at stake than a nominal fine, there is little incentive to vigorously litigate the issue" does not help Williams in this case. *Id.* at 308. *Hadley* concerned a personal injury plaintiff who attempted "to apply collateral estoppel to block [the defendant] from denying" the defendant committed an infraction. *Id.* at 309. This court held collateral estoppel could not be applied because the $95 infraction fine did not present the same incentive to litigate as the personal injury action, where the plaintiff was awarded $136,000 in damages. *Id.* at 312, 310.

Here, Williams is seeking a refund of his infraction fine. The damages at stake and the incentive to litigate are precisely the same as they were in the NOI, which he chose not to contest. The fact that Williams sought to aggregate his refund claim with those of other putative class members does not change the stakes. The alleged injuries are still the infraction fines, and the requested relief is

10

still a refund of those fines. Therefore, we "see no barrier to a party obtaining effective relief, even in the absence of a class action suit," if Williams is required to seek a refund in municipal court pursuant to IRLJ 6.7(a) and CRLJ 60(b). *Doe*, 74 Wn. App. at 454.

It is certainly true "that superior courts have original jurisdiction over claims for equitable relief from alleged system-wide violations of mandatory statutory requirements by a municipal court and from alleged repetitious violations of constitutional rights by a municipality in the enforcement of municipal ordinances." *Orwick v. City of Seattle*, 103 Wn.2d 249, 251, 692 P.2d 793 (1984). However, this observation specifically applied to a "claim for injunctive and declaratory relief," not a claim for a refund of an infraction fine. *Id.* Moreover, in *Orwick* "all three traffic citations were dismissed before a hearing was held." *Id.* at 250. Thus, the *Orwick* plaintiffs could not have moved for relief from judgment because there was no judgment. By contrast, Williams's claims for a refund of his fine are, in fact, claims that he is entitled to relief from the municipal court judgment. *Orwick* does not control on this issue.

In accordance with the plain language of IRLJ 6.7(a), we hold that the exclusive means for Williams to obtain a refund of his infraction fine is to file a motion to vacate the judgment in Spokane Municipal Court pursuant to CRLJ

*Williams v. City of Spokane*, No. 99071-9

60(b). Thus, we affirm the Court of Appeals on this issue and hold that Williams's

monetary claims must be dismissed.

B.      The Court of Appeals properly exercised its discretion to reach standing for
        the first time on appeal

As discussed below, the Court of Appeals held Williams did not have

standing to raise his equitable claims for declaratory and injunctive relief.  First,

however, the court had to determine whether it should address standing in light of

the defendants' failure to raise that issue in superior court.  The Court of Appeals

chose to address standing, and Williams contends this was error.  We hold that the

Court of Appeals properly exercised its discretion to reach standing for the first

time on appeal.

In deciding to address standing, the Court of Appeals correctly noted that

there is conflicting precedent as to whether standing is a jurisdictional requirement

that must be considered if it is raised for the first time on appeal or, instead, a

nonjurisdictional rule that an appellate court "'may refuse to review'" if it is raised

for the first time on appeal.  *Williams*, No. 36508-5-III, slip op. at 19 (quoting RAP

2.5(a)); *e.g.*, *Int'l Ass'n of Firefighters, Local 1789 v. Spokane Airports*, 146

Wn.2d 207, 212 n.3, 45 P.3d 186, 50 P.3d 618 (2002) ("[S]tanding is a

jurisdictional issue that can be raised for the first time on appeal."); *Baker v. Baker*,

91 Wn.2d 482, 484, 588 P.2d 1164 (1979) ("[T]he issue of standing was not

submitted to the trial court, hence, it may not be considered on appeal.").

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Williams v. City of Spokane*, No. 99071-9

Consistent with its own previous analysis of the issue, the Court of Appeals here "concluded that, because of the nature of state courts, standing is not a prerequisite for subject matter jurisdiction." *Williams*, No. 36508-5-III, slip op. at 21 (citing *In re Estate of Reugh*, 10 Wn. App. 2d 20, 447 P.3d 544 (2019)). Nevertheless, the court exercised its discretion to consider Williams's standing pursuant to RAP 2.5(a) because it was a potentially dispositive issue, the parties had "already presented their arguments about standing," and the issue would likely arise on remand "because the proceeding was in its initial stages when the trial court denied the defense's summary judgment motion." *Id.* at 25.

In his petition for review, Williams points to the lack of clarity in Washington precedent as to whether standing is a jurisdictional requirement and contends that this case is an opportunity to "resolve the conflict and hold that standing issues cannot be determined for the first time on appellate review that turns on a factual question[ ] or when the record is underdeveloped." Pet. for Review at 17. However, neither his petition for review nor his supplemental brief includes any argument as to why we should do so. Moreover, as discussed further below, determining Williams's standing to bring his equitable claims does not require the resolution of any factual issues or further development of the record.

We have previously declined to decide whether standing is a jurisdictional requirement that must be considered when raised for the first time on appeal,

13

*Williams v. City of Spokane*, No. 99071-9

leaving the issue "for a future case, with proper briefing. *Amalg. Transit Union Local 587 v. State*, 142 Wn.2d 183, 204 n.4, 11 P.3d 762 (2000). We do the same today. However, we will exercise our discretion to address standing for the first time on review, as the Court of Appeals properly did.

C.      Williams does not have standing to bring his equitable claims

Our analysis of the statutes and court rules precluding Williams's monetary claims does not apply to his equitable claims for declaratory and injunctive relief. *See Orwick*, 103 Wn.2d at 251. However, the Court of Appeals held those claims must also be dismissed because Williams does not have standing to raise them. We affirm.

As a threshold matter, Williams appears to contend that standing cannot be assessed because the superior court has not yet decided whether to certify his proposed class of plaintiffs, any number of whom could have standing. *See* Suppl. Br. of [Pet'r] at 3-5. However, our precedent holds that "the certification of [the] class need not always be accomplished before turning to other questions in a proposed class action." *Wash. Educ. Ass'n v. Shelton Sch. Dist. No. 309*, 93 Wn.2d 783, 789, 613 P.2d 769 (1980). In particular, "[t]he determination of standing is made independent of class certification; an individual named as a party in a class action cannot assert the action merely because the class has a claim if [the individual] does not." *Id.* at 790. Therefore, it is irrelevant whether some member

14

of the proposed class may have standing. As the only named plaintiff, Williams "must have a personal claim" for his superior court action to proceed. *Id.* He does not.

We do not question the superior courts' "original jurisdiction over claims for equitable relief from alleged system-wide violations" of law by municipal courts or municipalities. *Orwick*, 103 Wn.2d at 251. However, we agree with the Court of Appeals that to have standing to bring such a claim, Williams must first properly seek to "reverse any ticket penalty by bringing a motion to vacate in the municipal court." *Williams*, No. 36508-5-III, slip op. at 28. Because he has not done so, his NOI is uncontested and therefore "final" as a matter of law. RCW 46.63.060(1).

This final judgment "represents a determination that an infraction has been committed." *Id.*; *see also* IRLJ 2.4(b)(1). Until Williams challenges that determination in accordance with the procedure outlined in the statutes and court rules discussed above, he cannot show "'an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement.'" *League of Educ. Voters v. State*, 176 Wn.2d 808, 816, 295 P.3d 743 (2013) (internal quotations marks omitted) (quoting *To-Ro Trade Shows v. Collins*, 144 Wn.2d 403, 411, 27 P.3d 1149 (2001)).

Thus, regardless of whether he intends to drive in the same school zone again, Williams does not have standing to seek declaratory or injunctive relief as a

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

matter of law. There is no need to further develop the record, and Williams could not establish standing by amending his complaint on remand.

CONCLUSION

We affirm the Court of Appeals. To obtain a refund of his infraction fine, Williams must bring a motion to vacate the judgment in municipal court. Until he does so, he lacks standing to assert his equitable claims. Therefore, we remand to the superior court to dismiss Williams's complaint.

_____<br>Yu, J.

WE CONCUR:

_____       _____<br>
                                           Stephens, J.

_____<br>
           Johnson, J.

_____       _____<br>
           Madsen, J.                            Montoya-Lewis, J.

_____       _____<br>
           Owens, J.                               Whitener, J.

16

*Williams v. City of Spokane et al.*, No. 99071-9
(Gordon McCloud, J., concurring)

No. 99071-9

GORDON McCLOUD, J. (concurring)—I agree with the majority's ultimate resolution of this case:  the court rules bar Chris Williams' claim for monetary damages; "there is conflicting precedent as to whether standing is a jurisdictional requirement . . . or, instead, a nonjurisdictional rule"; in this case, it suffices to reiterate that both the Court of Appeals and this court certainly have discretion to address Williams' standing for the first time on appeal; and Williams' complaint fails to allege the prerequisites to standing to seek declaratory and injunctive relief. Majority at 12-16. I write separately, however, to emphasize two points:  (1) the continuing validity of *Orwick v. City of Seattle*, 103 Wn.2d 249, 692 P.2d 793 (1984), and (2) the rule that a party may establish standing to seek declaratory and injunctive relief by establishing a likelihood (not a certainty) of future harm, regardless of whether that party has a viable claim for past damages.

I.    INTRODUCTION

Williams was ticketed for driving over the speed limit in a school zone. He ultimately declined to contest his ticket and paid the $234 fine in municipal court, instead. He later brought this lawsuit against the city of Spokane (City) and American Traffic Solutions (ATS) in superior court, challenging that fine and all

1

*Williams v. City of Spokane et al.*, No. 99071-9
(Gordon McCloud, J., concurring)

other fines previously imposed, or to be imposed in the future, in that same area. His claims were based on the allegation that the City's cameras actually captured drivers outside the statutory bounds of the school zone at issue. Clerk's Papers (CP) at 1-11. He asserted two claims for monetary damages based on theories of due process and unjust enrichment, seeking restitution of his $234 fine and damages. *Id.* at 8. He also asserted two claims for forward-looking relief: he sought a declaratory judgment that the City and ATS were unlawfully issuing speeding tickets outside the statutorily designated school zone and he sought an injunction barring such unlawful conduct in the future. *Id.* at 9-10.

As to the claims for monetary damages, the majority concludes that Williams may not challenge his citation and fine directly in superior court. Majority at 2. Instead, based on our court rules, Williams must return to municipal court to challenge the final judgment rendered by that court. *Id.* at 11. I agree.

But the majority uses that same rationale to bar Williams' claims for declaratory and injunctive relief. Majority at 14. It asserts that until Williams properly challenges his infraction in municipal court, he is unable as a matter of law to show a "dispute" sufficient to meet the standing requirements for declaratory or injunctive relief. *Id.* at 15.

2

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Williams v. City of Spokane et al.*, No. 99071-9
(Gordon McCloud, J., concurring)

I disagree with this approach. The prerequisites to declaratory and injunctive relief are completely different from the court rules that bar Williams from challenging his fine in superior court.

II. THE PREREQUISITES TO DECLARATORY AND INJUNCTIVE RELIEF ARE DIFFERENT FROM THE PREREQUISITES TO STATING A VALID CLAIM FOR MONETARY DAMAGES IN THE SUPERIOR COURT

To establish standing to bring a claim for relief, a party must show (1) that their interests are "'arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question'" and (2) that they have suffered *or will suffer* an "'injury in fact'" or a specific and perceptible harm. *Save a Valuable Env't v. City of Bothell*, 89 Wn.2d 862, 866, 576 P.2d 401 (1978) (quoting *Ass'n of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 150, 153, 152, 90 S. Ct. 827, 25 L. Ed. 2d 184 (1970)) (addressing prerequisites to common law standing). Similarly, to obtain declaratory relief under the Uniform Declaratory Judgments Act (UDJA), ch. 7.24 RCW, a plaintiff must show a justiciable controversy. A justiciable controversy is

> "(1) . . . an actual, present and existing dispute, *or the mature seeds of one*, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive."

3

*Williams v. City of Spokane et al.*, No. 99071-9
(Gordon McCloud, J., concurring)

*To-Ro Trade Shows v. Collins*, 144 Wn.2d 403, 411, 27 P.3d 1149 (2001)

(emphasis added) (alteration in original) (quoting *Diversified Indus. Dev. Corp. v.*

*Ripley*, 82 Wn.2d 811, 815, 514 P.2d 137 (1973)). These UDJA prerequisites

encompass the common law prerequisites to standing. *Id.* at 414.

The majority says that until Williams challenges the infraction in municipal

court, there is no way for him to establish "'an actual, present and existing dispute,

or the mature seeds of one.'" Majority at 15 (internal quotation marks omitted)

(quoting *League of Educ. Voters v. State*, 176 Wn.2d 808, 816, 295 P.3d 743

(2013)). But this conclusion is based on the assumption that Williams' only

"dispute" in this case concerns the legality of Williams' past infraction and past

fine.

That assumption lacks support in this record. Williams' complaint actually

alleges not just claims challenging the citation and fine he already paid, but also

claims challenging the City's continuing and expected future system-wide practice

of ticketing drivers in the supposed "school zone" area that (according to

Williams) actually falls outside the statutorily permitted school zone. And under

our precedent, "superior courts have original jurisdiction over claims for equitable

relief from alleged system-wide violations of mandatory statutory requirements by

a municipal court and from alleged repetitious violations of constitutional rights by

4

*Williams v. City of Spokane et al.*, No. 99071-9
(Gordon McCloud, J., concurring)

a municipality in the enforcement of municipal ordinances." *Orwick*, 103 Wn.2d at

251. In fact, as the Court of Appeals ruled, Williams could have properly raised

those claims for forward-looking declaratory and injunctive relief in superior court

if he had shown that he "often travels in the Longfellow Elementary School speed

zone or that he fear[s] being ticketed again outside the confines of a three hundred

foot zone."[1] The reason is that such facts would certainly establish "the mature

seeds of" a justiciable dispute.

In this case, though, Williams did *not* make any claims regarding future

harm. He thus failed to show an "'actual . . . dispute, or the mature seeds of one,'"

as opposed to a merely "'possible, dormant, hypothetical, speculative, or moot

disagreement.'" *To-Ro*, 144 Wn.2d at 411 (quoting *Diversified Indus. Dev. Corp.*,

82 Wn.2d at 815); *Port of Seattle v. Wash. Utils. & Transp. Comm'n*, 92 Wn.2d

789, 806, 597 P.2d 383 (1979). Similarly, his failure to allege any facts relating to

future harm means that he did not allege a "'direct and substantial'" interest in the

dispute, rather than a "'potential, theoretical, abstract or academic'" interest in

declaring the school zone invalid. *See To-Ro*, 144 Wn.2d at 411 (quoting

*Diversified Indus. Dev. Corp.*, 82 Wn.2d at 815); *Wash. Beauty Coll., Inc. v. Huse*,

195 Wash. 160, 164-65, 80 P.2d 403 (1938) (plaintiff beauty school did not show

---

[1] *Williams v. City of Spokane*, No. 36508-5-III, slip op. at 5 (Wash. Ct. App. June 18, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/365085_unp.pdf.

5

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

"direct and substantial" interest in dispute, where no evidence in record showed that school's contracts with students would be impaired by enforcement of law requiring hairdressers to possess high school diploma).

But if Williams *had* alleged facts supporting his allegation of future harm, he would likely have satisfied the first and third prerequisites to standing to seek declaratory relief. *Wash. Ass'n for Substance Abuse & Violence Prevention v. State*, 174 Wn.2d 642, 653, 278 P.3d 632 (2012) (where interest group's "goals of preventing substance abuse could reasonably be impacted" by initiative, group had standing to seek declaratory judgment that initiative was unconstitutional). Whether a plaintiff seeking declaratory relief had suffered the same harm in the past might well be relevant to that inquiry. But it is not alone determinative. *See id.*[2] Instead, under our precedent, the fact that court rules bar Williams' claim for damages stemming from the past infraction does not determine whether he has

---

[2] Conversely, under federal law's narrower standing requirements, even someone who suffered grievous injury in the past is not entitled to future injunctive relief unless they show a higher likelihood of injury than this court demands. *Compare Wash. State Hous. Fin. Comm'n v. Nat'l Homebuyers Fund, Inc.*, 193 Wn.2d 704, 711, 445 P.3d 533 (2019) ("The UDJA is to be 'liberally construed and administered.' Thus standing is not intended to be a particularly high bar. Instead, the doctrine serves to prevent a litigant from raising another's legal right. But even when a party does not meet the requirements of our two part test, we sometimes relax these requirements when a matter of substantial public importance would otherwise evade review." (citations omitted) (quoting RCW 7.24.120)), *with City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S. Ct. 1660,75 L. Ed. 2d 675 (1983).

*Williams v. City of Spokane et al.*, No. 99071-9
(Gordon McCloud, J., concurring)

standing to seek forward-looking relief. Indeed, even someone who never suffered

an injury in the past but who sought to prevent a likelihood of injury in the future

would have standing to raise claims for such forward-looking relief.

This rule—that a valid claim for an actual past injury is not a prerequisite to

standing to seek future declaratory relief—also applies to the determination of

standing to seek injunctive relief.   We have continually held that to seek an

injunction, a party "must show (1) that he has a clear legal or equitable right, (2)

that he has a well-grounded fear of immediate invasion of that right, and (3) that

the acts complained of are either resulting in or will result in actual and substantial

injury to him." *Port of Seattle v. Int'l Longshoremen's & Warehousemen's Union*,

52 Wn.2d 317, 319, 324 P.2d 1099 (1958) (citing *LeMaine v. Seals*, 47 Wn.2d 259,

287 P.2d 305 (1955); *King County v. Port of Seattle*, 37 Wn.2d 338, 223 P.2d 834

(1950)).  A plaintiff who alleges only a single, cognizable, past injury without

alleging the possibility of future harm fails to satisfy prerequisite (2):  they have

not shown "a well-grounded fear of immediate invasion" of their rights that will

result in injury.  *Id*. In other words, prerequisite (2) bars issuance of injunctions for

purely past conduct.

But that prerequisite certainly offers the promise of standing to prevent

future harm, even when plaintiff has *not yet suffered* concrete harm, monetary or

7

*Williams v. City of Spokane et al.*, No. 99071-9
(Gordon McCloud, J., concurring)

otherwise. *Braam v. State*, 150 Wn.2d 689, 708-09, 81 P.3d 851 (2003) ("Evidence of past occurrences is relevant to injunctive relief only insofar as it tends to show an ongoing or future likelihood of harm."); *Lewis Pac. Dairymen's Ass'n v. Turner*, 50 Wn.2d 762, 776, 314 P.2d 625 (1957). Williams has not pleaded the possibility of future harm, a prerequisite to obtaining an injunction. But if he had done so, his claim for injunctive relief would not be foreclosed for any reason related to his claim for damages.

III.    CONCLUSION

I respectfully disagree with the majority's assertion that Williams would lack standing to seek declaratory and injunctive relief even if he had alleged an intention to drive in the same school zone again. Majority at 15. Under this court's precedent, Williams could have chosen to forgo *any* claim for past damages and instead filed a lawsuit seeking *only* declaratory and injunctive relief in superior court. In such a case, Williams' argument for standing to seek declaratory or injunctive relief would likely have been strengthened by asserting he previously received a ticket in that school zone because that fact might help establish that he drives there regularly and fears future harm. *Braam*, 150 Wn.2d at 708-09. But his argument for standing would not *depend* on any claim related to the past conduct that resulted in his infraction and fine.

8

*Williams v. City of Spokane et al.*, No. 99071-9
(Gordon McCloud, J., concurring)

I therefore respectfully concur.

_____
Gordon McCloud, J.

_____
González, C.J.

9