IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ELISA GONZALEZ, individually and as administrator of the ESTATE OF SAMUEL GARZA GONZALEZ, <br><br> Appellant, <br><br> v. <br><br> FARMERS NEW WORLD LIFE INSURANCE COMPANY, a foreign corporation; and Kylee Jewett, a Washington state resident, <br><br> Respondents. | No. 87785-2-I <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION |

HAZELRIGG, C.J. — Elisa Gonzalez, in her individual capacity and as administrator of her late son's estate, the Estate of Samuel Garza Gonzalez, appeals from the superior court order that granted Farmers New World Life Insurance Company's motion to vacate the default judgment entered against it on her claim to the death benefit payable to the primary beneficiary of Samuel Garza Gonzalez' life insurance policy, along with corresponding statutory damages.[1] In response, Farmers avers that Gonzalez does not have standing based on any of the identified capacities under which she sought relief in the trial court because the

---

[1] We refer to the appellant and her late son in the manner by which the appellate record reflects that they self-identified. Thus, we follow traditional Latine naming practices and use the patrilineal and, when so used, matrilineal portion of their last names consistent with the Spanish-language origins of their names. *See* Robert S. Chang, Cecily C. Hazelrigg, Linda C.J. Lee, *"That's Not My Name": The Linguistic Violence of Misnaming Parties in Court Proceedings*, 100 WASH. L. REV. 687 (2025).

order on default judgment arose from her initial complaint that did not identify that her husband and son's father, Samuel Garza, was the primary beneficiary with the capacity to bring a claim for the death benefit payable under their son's insurance policy.[2] We agree and further conclude that Gonzalez has not established an entitlement to relief under the rule on appeal allowing for substitution of parties. Accordingly, we dismiss her appeal.

FACTS

On February 4, 2021, Samuel Garza Gonzalez signed a contract for life insurance with Farmers New World Life Insurance Company with a $150,000 death benefit.[3] In the contract, Garza Gonzalez named his mother, Elisa Gonzalez, as the primary beneficiary, and his father, Samuel Garza, as the contingent beneficiary. In March 2021, Farmers issued a life insurance policy to Garza Gonzalez. Four months later, undisputed by the parties on appeal but unbeknownst to Gonzalez at the time, Garza Gonzalez changed his beneficiary designation, naming Garza as his primary beneficiary and Gonzalez as the contingent.

In May 2022, Garza Gonzalez was shot and died from the resulting wound. At some point during the time in question, Gonzalez filed a petition to be appointed as Garza's full conservator. In September 2022, her petition was granted.

---

[2] The record suggests that Samuel Garza was referred to only by his first name and the patrilineal portion of his last name, and we identify him accordingly.
[3] The local agent signing on behalf of Farmers was Kylee Jewett, who was dismissed from the action as part of the trial court's order that entered default judgment against the insurer.

Thereafter, Gonzalez filed a claim with Farmers for the death benefits payable under Garza Gonzalez' life insurance policy. Farmers denied her claim on the basis that Garza Gonzalez had misrepresented certain health information in applying for coverage.[4]

On July 12, 2024, Gonzalez filed a complaint for damages in Pierce County Superior Court against Farmers.[5] The title of the action in her complaint indicated that she brought the suit in her individual capacity and in her capacity as the administrator of the Garza Gonzalez' Estate. Her complaint did not indicate that she was suing on behalf of Garza as his conservator.[6]

Gonzalez accomplished service of process against Farmers, but Farmers did not file an appearance or answer in the case. She later moved for entry of an order of default and default judgment for the $150,000 death benefit payable under Garza Gonzalez' life insurance policy, $25,000 in treble damages under the Consumer Protection Act,[7] and an award of attorney fees and costs, all of which the court granted. Gonzalez obtained a writ of garnishment from the court, which was mailed to Farmers, and two weeks later, the insurance company filed a notice of appearance in this case.[8]

Two months later, Farmers filed a motion to vacate the default judgment, which the court granted in early 2025. Gonzalez timely filed a notice of appeal of

---

[4] Farmers did not indicate to Gonzalez that it was denying her claim on the basis that she was not the primary beneficiary entitled to the death benefits payable under that policy.

[5] Gonzalez also named Jewett in the suit.

[6] The parties do not dispute on appeal that at the time that she filed that complaint, Gonzalez "reasonably believed she was the primary beneficiary of her son's policy."

[7] Ch. 19.86 RCW.

[8] Thereafter, in early December, Gonzalez received the requested funds and subsequently deposited them.

that order in Division Two of this court. In February 2025, the chief of Division Two transferred the appeal to this division for resolution.

While this matter was pending on appeal, litigation on Gonzalez' claims against Farmers continued in the trial court. As relevant here, summary judgment proceedings revealed Garza Gonzalez' July 2021 beneficiary change form and, in August 2025, the court entered a summary judgment order ruling that Gonzalez

> must amend their complaint forthwith and list all proper and necessary parties, namely Samuel Garza , as the Plaintiff in this case which is being brought on his behalf by his conservator. Failure to do so, [sic] will result in tese [sic] other claims being dismissed without prejudice.

She filed a second amended complaint in the trial court shortly thereafter, now suing on behalf of both her husband, Garza, in her capacity as his conservator, and Garza Gonzalez' Estate, in her capacity as its administrator. She did not notify this court of the change in party posture, despite its pendency on appeal.

In September, Farmers filed a motion to dismiss Gonzalez' appeal of the order vacating default judgment, setting forth argument and several exhibits in support of its motion. Gonzalez responded and presented exhibits in support of denial of the motion, to which Farmers filed a reply. On September 26, 2025, a commissioner of this court then referred the motion to dismiss to this panel.

## ANALYSIS

Farmers requests that we grant its motion to dismiss this matter on the basis, asserted for the first time on appeal, that Gonzalez did not establish that she had standing when she sought and obtained the order entering default judgment in the trial court. We grant Farmers' request.

- 4 -

Under RAP 2.5(a), "A party may present a ground for affirming a trial court decision which was not presented to the trial court if the record has been sufficiently developed to fairly consider the ground." As a preliminary matter, we conclude that the issue of Gonzalez' standing is potentially dispositive of the order vacating default judgment now on appeal, and the parties have presented their arguments and exhibits in support of their respective positions on this issue. Therefore, we exercise our discretion and consider this issue for the first time on appeal. *See Williams v. City of Spokane*, 199 Wn.2d 236, 247, 505 P.3d 91 (2022).

We have recognized that

> "[s]tanding is a 'party's right to make a legal claim or seek judicial enforcement of a duty or right.'" *State v. Link,* 136 Wn. App. 685, 692, 150 P.3d 610 (2007) (quoting BLACK'S LAW DICTIONARY 1442 (8th ed. 2004)). "It is the responsibility of the complainant clearly to allege facts demonstrating that [they are] a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin,* 422 U.S. 490, 518, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).

*Friends of N. Spokane County Parks v. Spokane County*, 184 Wn. App. 105, 115, 336 P.3d 632 (2014).

A "party may have standing in either a personal or representative capacity." *City of Seattle v. State*, 103 Wn.2d 663, 669, 694 P.2d 641 (1985). The standing requirement serves to prevent "a plaintiff from asserting another's legal rights." *Trinity Universal Ins. Co. of Kan. v. Ohio Cas. Ins. Co.*, 176 Wn. App. 185, 199, 312 P.3d 976 (2013). Therefore, "[i]f a person in [their] representative capacity is the proper party, then the title of the action must indicate that representative capacity." *In re Marriage of Morrison*, 26 Wn. App. 571, 574, 613 P.2d 557 (1980).

Relatedly, every action must be prosecuted in the name of the real party in interest, CR 17(a); that is, "'the person who, if successful, will be entitled to the fruits of the action.'" *Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 78 Wn. App. 707, 716, 899 P.2d 6 (1995) (quoting 3A WASHINGTON PRACTICE: RULES PRACTICE CR 17 author's cmt. 1, at 420 (4th ed. 1992)).

Here, the following is undisputed by the parties: Unbeknownst to Gonzalez, when she filed her initial complaint in this matter, Garza, not Gonzalez, was the primary beneficiary of their late son's life insurance policy. At the same time, Gonzalez had been appointed as Garza's full conservator, with authority to bring a suit on his behalf in her representative capacity for the death benefits payable to him under that policy. However, when she filed her initial complaint, she did not indicate that she was bringing her suit in her representative capacity as Garza's full conservator but, rather, in her individual capacity as well as in her representative capacity as the administrator of Garza Gonzalez' Estate. She then sought, in those capacities, default judgment on the claims set forth in her complaint for the death benefit payable under Garza Gonzalez' life insurance policy, along with corresponding damages, and an award of attorney fees and costs. The trial court then entered an order of default judgment granting to Gonzalez, in those identified capacities, the death benefits payable under Garza Gonzalez' policy.

The capacities that Gonzalez identified in her initial complaint did not establish her standing to seek and obtain the death benefits payable under Garza Gonzalez' life insurance policy. Garza, the primary beneficiary under that policy

at the time of their late son's death, was the person who, if successful, would be entitled to the amount of death benefits payable under that policy. Yet Gonzalez' initial complaint did not identify Garza in his individual capacity or identify herself in her representative capacity as Garza's full conservator. Therefore, when she sought and obtained declaratory judgment against Farmers as to the amount of death benefits payable under the insurance policy, along with corresponding damages, attorney fees, and costs, she did not do so on behalf of Garza but, albeit inadvertently, on her own behalf individually or on behalf of her son's estate. Consequently, when the trial court entered the default judgment order presented pursuant to such party posture, it entered an order granting relief to Gonzalez who had not established an entitlement to obtain such relief.[9] The court later, although on other grounds, vacated that order.

Now, on appeal, Gonzalez requests that we reverse and remand this matter, effectively reinstating the default judgment order despite, as explained *infra*, such judgment granting her relief to which she had not established an entitlement. We note that according to CR 17(a), under such circumstances in the trial court, "[t]he modern rule is that the proper remedy is not to dismiss the cause of action, but rather to give the parties the opportunity to amend to reflect the proper capacity" of the party in question. *Morrison*, 26 Wn. App. at 574-75. Here,

---

[9] In her response to Farmers' motion to dismiss her appeal, Gonzalez asserts that her initial complaint properly identified her capacity as the administrator of Garza Gonzalez' Estate to bring suit on Garza Gonzalez's negligent misrepresentation claim alleged against Farmers in that complaint. However, as explained, the default judgment order, which Gonzalez seeks to reinstate, is one arising from her seeking and obtaining declaratory judgment against Farmers pursuant to the cause of action in her complaint for the death benefits payable under his insurance policy, not pursuant to her cause of action on behalf of his estate for negligent misrepresentation by Farmers. Therefore, her assertion on this point is unavailing.

in the ongoing litigation in the trial court, rather than dismissing her causes of action against Farmers, the court provided Gonzalez with the opportunity to amend the title of her action to reflect her representative capacity as Garza's full conservator.

On appeal, Gonzalez seeks to rely on RAP 3.2 to obtain the same result. In her response to Farmers' motion to dismiss her appeal, she asserts only that "RAP 3.2 likewise authorizes substitution on appeal." In so claiming, however, she does not provide any decisional authority or legal analysis in support of the notion that RAP 3.2 and CR 17(a) are interchangeable. Gonzalez also does not provide legal analysis in support of establishing an entitlement to relief under the plain language of that rule. *See* RAP 3.2(a). Furthermore, even if that rule applies to the circumstances before us, she has not presented a qualifying motion for substitution. *See* RAP 3.2(b)-(c). Thus, Gonzalez has not established an entitlement to appellate relief under RAP 3.2. Accordingly, Farmers' motion to dismiss her appeal is granted.[10]

Dismissed.

WE CONCUR:

---

[10] Farmers, in its response brief, requests an award of costs on appeal. That request is granted, contingent on continued compliance with the requirements for such an award under the RAPs.